**George M. MASON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 5639.**

United States Court of Appeals
Tenth Circuit.

Dec. 18, 1957.

Walter L. Budge, Salt Lake City, Utah, for appellant.

C. Nelson Day, Asst. U. S. Atty., Salt Lake City, Utah (A. Pratt Kesler, U. S. Atty., Salt Lake City, Utah, on the brief), for appellee.

Before HUXMAN, MURRAH and BREITENSTEIN, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, George M. Mason, was duly tried and convicted by a jury on an eight count information in the United States District Court for the District of Utah. Count one and two charged him with wilfully and knowingly failing to make and file an income tax return for the years 1952 and 1953, respectively. Counts three through eight charged him with wilfully and knowingly failing to file employment tax returns for the periods set out in the various counts. Trial was had to a jury and it found appellant guilty on all counts. He was sentenced to serve six months and one day on each of counts one, two, three and four, the sentences being made to run concurrently. Sentence on counts five, six, seven and eight was suspended and as to those counts he was placed on probation for two years.

One general assignment of error is urged for reversal. It is that "Trial of appellant in the court below was not conducted in a manner 'fair' as guaranteed by the Constitution of the United States of America." The gist of this is to say that the trial resulted in a denial of due process. This general assignment is broken down into three parts.

It is urged that the court violated appellant's constitutional rights by requiring trial by jury. Appellant sought to waive trial by jury and requested a court trial. Over appellant's objection, the court submitted the case to a jury for trial. Trial by jury is guaranteed to an accused by the Sixth Amendment to the Constitution and by Article 3, Section 2 of the United States Constitution. It is argued that trial by jury is a privilege accorded to the accused which he may waive and when waived by him and a trial by the court is requested the request must be granted.

In most cases where this question has been considered the accused had waived the right to a jury trial and the question then arose whether there was a valid constitutional waiver of such right. No cases are cited and our search has failed to reveal one in which the precise question of an accused's right to waive a jury trial and demand trial by the court was in issue. We, however, feel

that the philosophy of the law is well established that the trial court is vested with a sound discretion in determining whether a jury trial should or should not be had, notwithstanding the accused's. request that he be tried to the court. Such is the sense of Rule 23(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which provides that "Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government." Under this rule, the right to waive a jury and be tried to the court is not an absolute one; it requires the approval of the court and the consent of the government. Such we think is also the philosophy of the law as declared by the Supreme Court in Patton v. United States, 281 U.S. 276, 312, 50 S.Ct. 253, 263, 74 L.Ed. 854, where the Court said:

"In affirming the power of the defendant in any criminal case to waive a trial by a constitutional jury and submit to trial by a jury of less than twelve persons, or by the court, we do not mean to hold that the waiver must be put into effect at all events. That perhaps sufficiently appears already. Trial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience, and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become

effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity." [1]

■■ Appellant's contention that the trial court violated due process in refusing to accept appellant's offer to plead nolo contendere is not well taken. Rule 11 of the Federal Rules of Criminal Procedure provides that "A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere * * *". It is not necessary to decide whether a refusal to accept a plea of nolo contendere under certain circumstances may constitute an abuse of discretion. All the cases hold that the trial court is vested with a broad discretion in determining whether a plea of nolo contendere shall be accepted.[2] The record is devoid of any suggestion that the court abused its discretion in refusing to accept the plea.

■ Finally, it is contended that such grave errors were committed throughout the trial in the admission and rejection of evidence as to result in the denial of due process. We have examined the lengthy record of 375 pages. It contains a great amount of detailed evidence relating to receipt of money by appellant, not only in the years in question but in other years as well, with respect to his failure to file income tax returns in a number of years other than the ones in question. There was also

---

1. Reaffirmed in Adams v. United States ex rel. McCann, 317 U.S. 269, 275, 63 S.Ct. 236, 87 L.Ed. 268.

2. United States v. Standard Ultramarine & Color Co., D.C., 137 F.Supp. 167; A. B. Dick Co. v. Marr, D.C., 95 F.Supp. 83; United States v. Jones, D.C., 119 F. Supp. 288; United States v. Safeway Stores, D.C., 20 F.R.D. 451.

a great deal of detailed evidence of questionable probative value, cumulative evidence, and matters of that kind. It may be conceded that much of this evidence might well have been eliminated. It is sufficient, however, to say that there was little objection to the receipt of any evidence. The trial court gave clear, full and correct instructions on all material issues. Assuming without deciding that evidence was erroneously received and that some was also excluded, none of it was of such a nature as to be offensive to the concept of a fair and impartial trial as contemplated by what is meant by due process. In other words, the record is devoid of any suggestion showing that the trial was not carried on in a wholesome manner having due regard to the protection of every right afforded appellant by the law of the land.

Affirmed.