Arthur J. PORTH, Petitioner-Appellant,

v.

The Hon. George TEMPLAR and the United States of America, Respondents-Appellees.

UNITED STATES of America, Plaintiff-Appellee,

v.

Arthur J. PORTH, Defendant-Appellant.

Nos. 71–1499, 71–1582.

United States Court of Appeals, Tenth Circuit.

Dec. 3, 1971.

George Washington, of Washington & Washington, Tulsa, Okl., for appellant.

Edward H. Funston, Asst. U. S. Atty., District of Kansas (Robert J. Roth, U. S. Atty., on the brief), for appellees.

Before SETH, HOLLOWAY and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

Appellant here seeks an order voiding certain conditions of probation prohibiting him from circulating materials questioning the constitutionality of the Federal Reserve System and the Federal Income Tax laws and requiring him to abstain from speaking or writing activities questioning the constitutionality of the Federal Reserve System and the Federal Income Tax laws and requiring him to

obtain authorization in writing in order to leave the jurisdiction of the court.[1]

In 1967 appellant was convicted in the Kansas District Court on five counts charging him with failure to file withholding tax returns and failure to file an individual income tax return for the year 1963. The defendant was sentenced to the maximum period provided by law and was ordered confined for a period of study pursuant to 18 U.S.C. § 4208(c), which provision allows the court to retain jurisdiction to modify the sentence following study and report. This judgment was affirmed. United States v. Porth, 426 F.2d 519 (10th Cir. 1970), cert. denied, 400 U.S. 824, 91 S. Ct. 47, 27 L.Ed.2d 53 (1970).

Following exhaustion of all remedies, appellant sought relief pursuant to 28 U.S.C. § 2255. Presumably this motion was denied since in November 1970 appellant was transported to the United States Hospital in Springfield, Missouri, for the study which had been prescribed. After 2½ months he was returned to the sentencing court and was granted probation pursuant to the terms and conditions already noted.

Appellant has a long history of personal disagreement with the income tax laws dating back to 1954 at least. See Porth v. Brodrick, 214 F.2d 925, 926 (10th Cir. 1954), a civil action seeking to recover taxes which allegedly had been erroneously assessed. In that case we said:

> It is admitted that a federal income tax may be levied under the Sixteenth Amendment and no law, rule, or regulation is referred to which impinges upon or destroys any right guaranteed the taxpayer by the Constitution. The claim is clearly unsubstantial and

without merit. \* \* \* [S]imilar allegations were said to be far-fetched and frivolous. We think the description applies to the allegations in this case.

It was undoubtedly this antipathy to income taxes on the part of the appellant which led to his 1967 conviction, and on the occasion of the review of the case in this court his belief was described as fanatical. The court in that case (opinion by Judge Pickett) said:

> Porth's defense primarily grew out of his long-time dislike for the taxing and money systems of the United States, his fanatical belief that they are unconstitutional, and his right to resist in good faith. 426 F.2d at 523.

Obviously, the years have not resulted in any modification or mellowing of appellant's viewpoints, for seemingly he continues unabated to conduct his personal vendetta against the money system and the income tax laws.

There was some confusion on the part of appellant as to appropriate procedure to follow in order to have the question reviewed. An appeal and a separate petition for an extraordinary writ (mandamus) have been filed. Both seek to test the validity of the conditions involved and maintain that these conditions are unconstitutional and void as arbitrary curtailment of appellant's freedom of expression and movement.

We are of the opinion, since appellant's motion collaterally attacks the judgment of the court, and since 28 U. S.C. § 2255 was available to appellant, that this case can be treated as an appeal from a judgment denying appellant's motion for collateral relief. So considered there can be no question as to our jurisdiction to entertain this re-

---

1. The text of these conditions is as follows:

> That he abstain from circulating or distributing by mail or other means any tracts, materials or other information questioning the constitutionality of the Federal Reserve System and the Federal Income Tax laws, and that he likewise abstain from speaking or writing activities calling into question the constitutionality of the Federal Reserve System and the Federal Income Tax laws.
> That he remain in the District of Kansas unless permitted by authorization in writing to leave the jurisdiction of the court.

view. We recognize, of course, that § 2255 is not available to test the legality of matters which should have been raised on appeal from the judgment.[2]

It is, of course, questionable whether special conditions are appealable as such. See Judicial Review of Probation Conditions, 67 Colum.L.Rev. 181, 188–196 (1967). Inasmuch as this uncertainty exists, we deem it proper to review the matter as a § 2255 case. Probation does impose substantial restraints and thus good reason exists for reviewing the restraints pursuant to 28 U.S.C. § 2255.[3]

▉ The statute which authorizes the granting of probation (18 U.S.C. § 3651) provides inter alia that the judge having jurisdiction may suspend the imposition or execution of sentence when satisfied that the ends of justice and the best interests of the public as well as the defendant are served thereby, and may place the defendant on probation for such period on such terms and conditions that the court deems best. This section names specifically some of the conditions which may be imposed, including the payment of a fine, the making of restitution and support of persons for whom the accused is legally responsible. The sentencing judge has a broad power to impose conditions designed to serve the accused and the community. The only limitation is that the conditions have a reasonable relationship to the treatment of the accused and the protection of the public. The object, of course, is to produce a law abiding citizen and at the same time to protect the public against continued criminal or antisocial behavior. This court has said that the purpose of probation is to "give the convicted person an opportunity to mend his ways and to so have his freedom under conditions, or at least to have such freedom after a short period of imprisonment." Thomas v. United States, 327 F.2d 795, 797 (10th Cir. 1964).

The relationship is a peculiar one in that the judge, together with the probation officers, has the responsibility for the rehabilitation of the convicted person. To fulfill this he must be able to exercise control over the defendant, hence his authority is extensive. At the same time, not all conditions which have been imposed have been upheld by courts. Some have been ruled unnecessarily restrictive. Hyland v. Procunier, 311 F.Supp. 749 (N.D.Cal.1970); Sobell v. Reed, 327 F.Supp. 1294 (S.D.N.Y. 1971); In re Mannino, 14 Cal.App.3d 953, 92 Cal.Rptr. 880 (1st Dist. 1971).

*Hyland* involved an effort on the part of parole authorities to prevent a parolee from speaking out publicly on prison conditions. This effort was held to be invalid.

In *In re Mannino* the court upheld the condition prohibiting speaking at and participating in public demonstrations because the probationer's offense (kicking a policeman) had occurred during the heat of such events. The reason for the condition was the explosive temperament of the defendant. The ban against writing and distributing written materials calling into question state and federal laws and policies was invalidated because of the lack of relation to the underlying offense.

The court in *Sobell* believed that prohibition against the defendant's addressing a Communist Party meeting was invalid. He had been convicted of violating the espionage laws.[4]

---

2. Fennell v. United States, 313 F.2d 941 (10th Cir. 1963); McLester v. United States, 306 F.2d 880 (10th Cir. 1962); and Hurst v. United States, 177 F.2d 894 (10th Cir. 1949).

3. See Thomas v. United States, 327 F.2d 795, 797 (10th Cir. 1964). Section 2255 provides in pertinent part as follows:

An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

4. In citing this decision we do not approve or endorse it.

██ In the case at bar it would appear that the appellant has somewhat of a fixation about the Federal Reserve laws and the Income Tax laws of the United States. We glean from the record in this case and from previous cases that the judge in imposing the conditions which are here questioned was seeking to prevent the defendant from carrying out a campaign, the effect of which would not only call into question the constitutionality of the laws, but would directly or indirectly, expressly or impliedly, urge people to disregard them. When the condition is examined in the abstract, namely speaking or writing about the constitutionality of the laws in question, it appears to prohibit conduct which is not per se harmful. To muzzle the appellant to this extent is on its face a violation of his First Amendment freedom of expression. This is not to say that one on probation has the rights of citizens who are not on probation. He forfeits much of his freedom of action and even freedom of expression to the extent necessary to successful rehabilitation and protection of the public programs. We see no basis for criticizing a condition which prohibits the violation of any public law or which prohibits the inducing of others to violate the law, and we hold the instant condition invalid only to the extent that it prohibits the expression of opinions as to invalidity or unconstitutionality of the laws in question. Insofar as it prohibits public speeches designed to urge or encourage others to violate the laws, the condition is valid.

In view of the vagueness and the uncertainty as to the breadth of this condition, we conclude that the case must be remanded to the trial court so as to give the court an opportunity to reframe the conditions and to set them forth in more specific terms, at the same time eliminating a condition which would prohibit the naked expression of opinion as to constitutionality of the measures in question. We believe on the other hand that the court would be within its rights in prohibiting a continuation of campaigns, so to speak, designed to or having the effect of urging and encouraging law violations.

██ We infer also from the record presented that the court was seeking to prohibit extensive campaigning on the part of the defendant against the laws in question, and we do not agree that such a condition is invalid, for the defendant cannot be allowed to continue all of his old ways while on release from custody on probation; to allow him to do so undermines the probation system itself and makes a mockery of the law. It is also clear that the court has the power to restrict the probationer's association with groups that would palpably encourage him to repeat his criminal conduct. See United States v. Smith, 414 F.2d 630, 636 (5th Cir. 1969).

██ In our judgment the condition restricting the accused from traveling outside the jurisdiction of the court is valid to the extent at least that it is a prohibition against public speaking tours for the purpose of exhorting people to violate the tax laws.

The cause is remanded to the district court for the purpose of clarifying the condition in question and eliminating that part of it which prohibits altogether expressions by the appellant as to the constitutionality of the laws in question.