**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Maurice Malcolm DILLON,
Defendant-Appellant.**

**No. 77–1373.**

United States Court of Appeals,
Tenth Circuit.

Submitted Oct. 11, 1977.

Decided Dec. 16, 1977.

Maurice Malcolm Dillon, pro se.

Victor R. Ortega, U. S. Atty., Richard J. Smith, Asst. U. S. Atty., Albuquerque, N. M., for plaintiff-appellee.

Before LEWIS, Chief Judge, and HILL and SETH, United States Circuit Judges.

HILL, Circuit Judge.

Maurice Malcolm Dillon was convicted on both counts of an information charging him with willful failure to file income tax returns for the calendar years 1972 (Count I) and 1973 (Count II), in violation of 26 U.S.C. § 7203. Dillon was sentenced to six months' incarceration on Count I; the sentence on Count II was suspended, and appellant was placed on probation for a period of three years to commence following his incarceration.

The evidence established that Dillon had income of $12,000 in 1972 and $11,500 in 1973 and that he was familiar with the requirement that he file returns. The documents he filed as his personal income tax returns in 1972 and 1973 contained only his name and his objection on various constitutional grounds to supplying any additional information. They were of the variety which we held in *United States v. Porth*, 426 F.2d 519 (10th Cir. 1970), *cert. denied*, 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53, constituted no return at all within the meaning of the Internal Revenue Code.

Dillon argues that his failure to file was not willful because it was not attended by a bad purpose or evil motive; it was an attempt to test the validity of the income tax laws which he deeply believed to be unconstitutional.[1] He contends he was en-

---

1. Much of Dillon's brief is devoted to his contention that the income tax laws are unconstitutional, an issue not before us in the present proceeding. He requests that we convene a three-judge district court to consider that question. However, the statute under which Dillon claims entitlement to such a proceeding, 28 U.S.C. § 2282, has been repealed. Pub.L. No. 94–381, § 2, 90 Stat. 1119 (1976).

titled to a jury instruction to the effect that the element of willfulness in 26 U.S.C. § 7203 requires proof that he acted with bad purpose. Contrary to Dillon's contention, a defendant need not be shown to have acted with bad purpose or evil motive to be convicted under the section. *United States v. Pomponio*, 429 U.S. 10, 97 S.Ct. 22, 50 L.Ed.2d 12 (1976); *United States v. Buchanan*, No. 75–1916 (10th Cir. Jan. 12, 1977). As the trial court correctly instructed, to act willfully in this context means to act "voluntarily, purposefully, deliberately, and intentionally, as distinguished from accidentally, inadvertently, or negligently."

■ Dillon next argues that the trial judge erroneously limited his testimony concerning his belief that the tax laws are unconstitutional. He sought to present such testimony to explain his purpose for failing to file a return. He contends it negated the element of willfulness in his failure to file. We have held that a defendant need not be shown to have acted with bad purpose or evil motive. It follows that demonstration of a good purpose is not a defense. If it is shown that a defendant intentionally violated his known legal duty to file a return, his reason for doing so is irrelevant. *United States v. Pomponio, su-pra; United States v. Buchanan, supra*. To the extent that Dillon's testimony was excluded, it was properly excluded.

■ We find no merit in the additional issues Dillon raises. We will mention three of them briefly. Dillon challenges the sentence imposed upon his conviction. The sentence was well within statutory limits for the offenses and therefore cannot be disturbed on appeal. *United States v. Blanton*, 531 F.2d 442 (10th Cir. 1975). Dillon alleges that the trial judge erred in prohibiting a character witness from testifying on direct examination regarding specific instances of Dillon's conduct. Rule 405, Fed. R.Evid., provides sound basis for the trial judge's ruling. Dillon's challenge to the jury instruction concerning items includable in gross income was not raised during the trial and does not warrant consideration for the first time on appeal. Fed.R.Crim.P. 30.

AFFIRMED.