**UNITED STATES of America, Plaintiff,**

**v.**

**Robert Lloyd ELLIS, Defendant.**

**Crim. A. No. 79–10055–01.**

United States District Court,
D. Kansas.

July 16, 1980.

Stephen K. Lester, Asst. U. S. Atty., Wichita, Kan., for plaintiff.

William A. Cohan, Denver, Colo., for defendant.

## MEMORANDUM AND DECISION

KELLY, District Judge.

This matter comes on for hearing before the Court, defendant's constitutional right to a jury trial having been duly waived. Mr. Ellis was indicted for having allegedly violated 26 U.S.C. § 7203. The essential elements to establish the offense are:

1. That the defendant was a person required by law or regulation to make a return of his income for the taxable year 1976;

2. That the defendant failed to make such a return at the time required by law, which is on or before April 15, 1977; and,

3. That the defendant's failure to make the return was willful.

The Court's appreciation of the latter element, as it applies in this case, is decisive, elements 1 and 2 not in contest.

The thrust of the Government's case is geared to presentation of Exhibit 1, being defendant's "return" of April 15, 1977, and wherein the defendant has obviously declined to acknowledge his income; asserting in part a Fifth Amendment privilege; and Exhibit 3, being a photocopy of Exhibit 1 with certain attachments, wherein the defendant attempted to exercise certain constitutional rights, including the Fifth Amendment privilege. A detailed resume of this attachment is not necessary save to comment that it is a "boiler plate" type of protest, the evidence revealing it was prepared at the hands of a third party, to wit, Dr. Tibbitts of Texas. In this, while each statement of protest may, in some *other* context, be applicable, in this instance, it is perceived as so much "garble", misguided and ill-conceived. Indeed, the IRS authorities correctly rejected this form of protest, Exhibits 1 and 3, defendant's indictment in order. Admission of these exhibits obviate a prima facie case, and at which time the Government rested.

The Courts have dealt with the typical "tax protest" case in several instances and this Court is mindful of *Garner v. United States*, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976); and *United States v. Sullivan*, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927). In addition, this Court has at hand *United States v. Brown*, 600 F.2d 248 (10th Cir. 1979); *United States v. Ware*, 608 F.2d 400 (10th Cir. 1979); *United States v. Dillon*, 566 F.2d 702 (10th Cir. 1977); and *United States v. Jacka*, (No. 78-1906, U.S.Ct. of App. 10th Cir). In the Court's judgment, however, none of these clarify what is perceived to be the central question and, simply stated, it is as follows: "May a taxpayer timely assert his Fifth Amendment privilege, or a claim of privilege, made in good faith, however erroneous, if he believes a revelation of not only his income but the failure to have paid certain taxes, will incriminate him—and, if so, will such conduct negate the element of willfulness?"

As relates to § 7203, it is probably conceded the term willfulness is best defined in *U. S. v. Ware, supra*, wherein the trial court's instruction was approved. It states as follows.

Willfulness is an essential element of the crime of failure to file an income tax return. The word 'willfully', used in connection with this offense, means a voluntary, intentional violation of a known legal duty, or otherwise stated, with the wrongful purpose of deliberately intending not to file a return which defendant was required by law to file and knew he should have filed.

There is no necessity that the Government prove that the defendant had an intention to defraud it, or to evade the payment of any taxes, for the defendant's failure to file to be willful under this provision of the law.

Defendant's conduct is not 'willful' if he acted through negligence, inadvertence, or mistake, or due to his good faith misunderstanding of the requirements of the law. It should be pointed out, how-

ever, that neither a defendant's disagreement with the law, nor his own belief that such law is unconstitutional—no matter how earnestly held—constitute a defense of good faith misunderstanding or mistake. It is the duty of all citizens to obey the law whether they agree with it or not.

The only purpose necessary for the Government to prove in this case is the deliberate intention on the part of the defendant not to file tax returns, which he knew he was required to file, at the time he was required by law to file them.

Broadly stated, the foregoing would seem to suggest that under no circumstances, may the taxpayer test his right to assert the Fifth Amendment privilege at the time of filing his return. In this, a close analysis of the factual events of *Ware, Dillon* and even *Brown*, suggests to this Court, that in each instance, the taxpayer did not necessarily address himself to the issue, as I see it, but rather, has broadly and improperly tested his constitutional rights. In similar instances, this Court would adopt an identical view.

In the case at hand, the defendant suggests that while he relied upon the "boiler plate" format of protest, he actually intended to exercise his Fifth Amendment privilege solely by reason of the fact that he probably had violated the tax laws for having failed to withhold certain earnings of his employees, and further for having failed to file quarterly returns, then required of his business; that such a filing was made in "good faith", right or wrong—the defendant believed that such an act would incriminate him, his testimony being, in part, that it was to "cover himself" and he would "straighten it out later".

While several witnesses including his sister and his father testified in his behalf, the believability of this defendant's frame of mind, i. e., actual intent, was best adduced from his wife. A resume of her testimony—which the Court believes and accepts, was substantially as follows:

Through the parties' married life, the defendant and his wife had been wage earners in several ventures through March, 1976. They then ventured to Kismet, Kansas to work in partnership with the father in a farm irrigation-installation type business. It was their first business venture of any character, both unfamiliar with bookkeeping, payment of salary, withholding statements, etc. Mrs. Ellis appears to have been responsible for the bookkeeping responsibilities including the payment of wages, etc. She is a layman in the truest sense. For many reasons including her own pregnancy, financial fears, etc., she concluded that the family would need help with regard to the filing of their returns. She was mindful that quarterly returns probably should be filed, and withholding taxes for employees should be attended to, but were not. She turned to a family friend, Mr. Riddeough, an accountant, who assured her not to worry, her husband, the defendant, being of little assistance, his explanation to the effect that he had "all the problems he needed". Her first mistake was to also turn to their former brother-in-law, Mr. Mehriag. This gentleman was then seemingly intrigued in the income tax protest movement. About this time, her father-in-law, Mr. Lloyd Ellis, having received notice of an audit for 1974, had also consulted his son-in-law. It develops that these parties were actually influenced by a Dr. Tibbitts. Without further qualification, this person is obviously a self-appointed, unfounded but wholly persuasive spokesman for the tax protest group. In time, the family attended the latter's programs and even subscribed to his service. The *Garner* case was circulated as authoritative to the effect that a citizen can indeed exercise a Fifth Amendment privilege at the time of filing of his return. As indicated previously, this is not necessarily the ruling of that decision but as this Court reads it, and concurs, a layman could well interpret it as did Mrs. Ellis. As April 15th approached, defendant Ellis, in fear that he "hadn't done right", acceded to the representations of Dr. Tibbitts, the influence of his father, and, it would appear, his wife, to file the return in the manner reflected in Exhibit 3.

I am convinced that while Exhibit 3 broadly attacks the basis of the Internal Revenue Code, defendant's sole intent was to assert his rights under the Fifth Amendment for the reasons stated. In this, notwithstanding out-of-hand first impressions of the stereotyped protestor format and certainly that which may be garnered from Exhibit 3, I am also convinced that this defendant and his wife are conscientious, law-abiding and wholly apolitical; and that the filing of this return, however wrong or illegal, was exercised in good faith, this defendant believing such a filing indeed protected him under the provisions of the Fifth Amendment. In light of these findings, it is therefor the Court's judgment that he did not willfully fail to file his return and, as a consequence, should be and is hereby discharged.

IT IS SO ORDERED.