UNITED STATES of America,
Plaintiff-Appellee,

v.

William S. LAWSON, Jr.,
Defendant-Appellant.

No. 81–1541.

United States Court of Appeals,
Tenth Circuit.

Submitted Feb. 2, 1982.

Decided Feb. 12, 1982.
Rehearing Denied March 26, 1982.

---

Richard L. Stradley, Missoula, Mont., for defendant-appellant.

Richard A. Stacy, U. S. Atty., and Jeffrey C. Fisher, Asst. U. S. Atty., Cheyenne, Wyo., for plaintiff-appellee.

Before BARRETT, DOYLE and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

William S. Lawson appeals his convictions by a jury for failing to file 1978 and 1979 federal income tax returns, violations of I.R.C. § 7203, and for supplying a false and fraudulent withholding certificate to his employer in 1979, a violation of I.R.C. § 7205. Lawson contends that the trial court erred in denying various pretrial motions and motions for acquittal, in making certain evidentiary rulings, in instructing the jury, and in sentencing the defendant. He also maintains that the jury's verdict was against the weight of the evidence and contrary to law.

I

*Pretrial Motions*

Lawson asserts that the trial court erred in denying his pretrial motions (1) to dismiss because his wages were not income within the meaning of the Internal Revenue Code and the Constitution, (2) to hold his trial in Casper, Wyoming, (3) to exclude federal government employees from the jury panel, and (4) to inspect and copy jury selection records.

■ The defendant's wages for personal services are income under the Internal Revenue Code. Congress has specifically provided that "gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, and similar items...." I.R.C. § 61(a)(1). We must broadly interpret the definition to include all gains not specifically exempted. *Commissioner v. Kowalski,* 434 U.S. 77, 82–3, 98 S.Ct. 315, 318–319, 54 L.Ed.2d 252 (1977). Notwithstanding Lawson's belief that his wages are not gains or profits but merely what he has received in an equal exchange for his services, the Internal Revenue Code clearly includes compensation of this nature within reportable gross income. None of the cases cited by Lawson requires a contrary result. Lawson's constitutional argument is specious. *See United States v. Russell,* 585 F.2d 368, 370 (8th Cir. 1978); *Kasey v. Commissioner,* 457 F.2d 369, 370 (9th Cir.), *cert. denied,* 409 U.S. 869, 93 S.Ct. 197, 34 L.Ed.2d 120 (1972); *Porth v. Brodrick,* 214 F.2d 925, 926 (10th Cir. 1954).

■ The trial judge committed no reversible error in denying Lawson's request to hold his trial in Casper rather than Cheyenne, both of which are in the District of Wyoming. The Sixth Amendment provides that a defendant has the right to a trial "by an impartial jury of the State and district wherein the crime shall have been committed. . . ." U.S.Const. Amend. VI. Federal Rule of Criminal Procedure 18 adds that the "court shall fix the place of trial within the district with due regard to the convenience of the defendant and the witnesses and the prompt administration of justice." The trial court may weigh the prejudice alleged by defendant against the concern of providing a speedy trial. *United States v. Brown*, 535 F.2d 424, 429–30 (8th Cir. 1976); *United States v. Florence*, 456 F.2d 46, 50 (4th Cir. 1972). The transcript reveals that Lawson's only justification for holding the trial in Casper was Casper's proximity to his own residence; Lawson alleged no specific prejudice. The judge explained that he sat in Casper only one week per month, he had a heavy docket, and his primary consideration was to try Lawson's case within the requirements of the Speedy Trial Act. Under these circumstances we cannot find that the trial court abused its discretion in holding the trial in Cheyenne.

■ The trial court did not commit error in failing to exclude from the jury for cause all government employees. Lawson asserts that because their pay is dependent upon taxes, government employees are inherently biased in cases involving failure to file income tax returns. Alternatively, Lawson argues that the trial court failed to inquire adequately into any actual bias of prospective jurors who were government employees. The courts have long rejected contentions that government employees must automatically be stricken from juries considering violations of federal laws. *See Dennis v. United States*, 339 U.S. 162, 70 S.Ct. 519, 94 L.Ed. 734 (1950); *United States v. Wood*, 299 U.S. 123, 57 S.Ct. 177, 81 L.Ed. 78 (1936); *Marshall v. United States*, 293 F.2d 561, 563 (10th Cir.), *cert. denied*, 368 U.S. 898, 82 S.Ct. 175, 7 L.Ed.2d 94 (1961). We also reject Lawson's alternative contention.

Lawson never requested that the trial court inquire into bias of potential jurors who were government employees. Lawson did file a pretrial motion requesting that the parties be permitted to so inquire, but when the judge postponed ruling on that issue, Lawson never raised it again; in fact, when asked at the end of the court's *voir dire* whether the parties had any additional questions, Lawson's only question did not address bias. Not having himself questioned the prospective jurors about bias, and not having requested the trial court to ask such questions, Lawson cannot complain that the judge failed to initiate such questioning on his own.

■ We must agree with Lawson, however, that the trial court improperly denied his motion to inspect and copy jury selection materials pursuant to 28 U.S.C. § 1867(f). That subsection expressly permits a party in preparing a motion to dismiss for failure to comply with the statutory provisions for selecting a jury, to inspect, reproduce, and copy records or papers used by the jury commission or clerk in connection with the jury selection process. The Supreme Court characterizes a litigant's right to inspect jury lists as essentially unqualified. *Test v. United States*, 420 U.S. 28, 30, 95 S.Ct. 749, 750, 42 L.Ed.2d 786 (1975). In *Test* the Court stated: "[W]ithout inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge." *Id.* Although the trial judge improperly denied Lawson's motion, reversal of Lawson's convictions is not necessary at this juncture. We will remand this case to the district court to allow appellant's counsel to inspect the relevant documents as permitted by 28 U.S.C. § 1867(f). Counsel may then file an appropriate motion pursuant to 28 U.S.C. § 1867(a) and (d). *See Test v. United States*, 420 U.S. 28, 30, 95 S.Ct. 749, 750, 42 L.Ed.2d 786 (1975); *United States v. Marcano-Garcia*, 622 F.2d 12, 18 (1st Cir. 1980). If Lawson establishes that the method of selecting the jury violated the law, the court shall then set aside the convictions.

## II

### *Motions for Acquittal*

Lawson claims the trial court erred in denying his motions for acquittal at the end of the government's case and at the close of all evidence. Specifically, Lawson contends that the motions should have been granted because the government failed to establish jurisdiction, and his Fifth Amendment privilege against self-incrimination protected him from having to provide information on the tax returns; Lawson also argues the government failed to prove that he willfully failed to file returns, that he had a tax liability for the year in which he filed a withholding certificate claiming ninety-nine exemptions, and that in filing the withholding certificate he acted with specific intent to deceive his employer.

Lawson's "jurisdictional" claim, more accurately a constitutional claim, is based on an argument that the Sixteenth Amendment only authorizes excise-type taxes on income derived from activities that are government-licensed or otherwise specially protected. Lawson says the government offered no proof that his income came from such activities and therefore failed to establish jurisdiction. The contention is totally without merit. Congressional power to tax rests in Article 1, Section 8, clause 1 of the Constitution and embraces all conceivable powers of taxation including the power to lay and collect income taxes. *Brushaber v. Union Pac. R. R.*, 240 U.S. 1, 12–13, 36 S.Ct. 236, 239–240, 60 L.Ed. 493 (1916). The Sixteenth Amendment removed any need to apportion income taxes among the states that otherwise would have been required by Article 1, Section 9, clause 4. Consistent with these provisions, Congress has taxed compensation for services, without any regard for whether that compensation is derived from government-licensed or specially protected activities, I.R.C. § 61, and this has been construed to cover earnings from labor. *E.g., United States v. Russell*, 585 F.2d 368, 370 (8th Cir. 1978).

■ Lawson filed facsimiles of 1978 and 1979 form 1040 tax returns that were blank except for his signature, printed asterisks, and materials claiming a Fifth Amendment privilege against disclosure. He thereby provided no information from which the IRS could assess his tax liability. These protest 1040 forms are not returns within the meaning of the Internal Revenue Code or the tax regulations. *United States v. Porth*, 426 F.2d 519, 523 (10th Cir.), *cert. denied*, 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970). There is no blanket Fifth Amendment protection for a taxpayer filing a protest form. *E.g., United States v. Brown*, 600 F.2d 248, 251–52 (10th Cir.), *cert. denied*, 444 U.S. 917, 100 S.Ct. 233, 62 L.Ed.2d 172 (1979); *United States v. Johnson*, 577 F.2d 1304, 1310–11 (5th Cir. 1978); *United States v. Irwin*, 561 F.2d 198, 201 (10th Cir. 1977), *cert. denied*, 434 U.S. 1012, 98 S.Ct. 725, 54 L.Ed.2d 755 (1978). On appeal, Lawson asserts that the Fifth Amendment protects him from completing a 1040 form because any information supplied could have been used to incriminate him under I.R.C. § 7205 for filing a false withholding certificate with his employer. This contention has also been rejected in similar tax protestor cases. *E.g., United States v. Carlson*, 617 F.2d 518, 520–23 (9th Cir.), *cert. denied*, 449 U.S. 1010, 101 S.Ct. 564, 66 L.Ed.2d 468 (1980).

■ Lawson asserts that the government failed to prove willfulness in not filing returns and in claiming ninety-nine exemptions on the withholding certificate he gave his employer in January 1979. In the context of the tax statutes, willfulness means a voluntary, intentional violation of a known legal duty. *United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976). The government need not establish that the defendant acted with an evil motive or in bad faith. *United States v. Hinderman*, 625 F.2d 994, 995 (10th Cir. 1980); *United States v. Dillon*, 566 F.2d 702 (10th Cir. 1977), *cert. denied*, 435 U.S. 971, 98 S.Ct. 1613, 56 L.Ed.2d 63 (1978). While the evidence indicates that Lawson may have acted with a personal belief that the tax laws are unconstitutional, it well supports that Lawson voluntarily and intentionally violated known legal duties. The trial

judge properly denied the motions for acquittal on this ground.

As to the charge of filing a false withholding certificate, Lawson contends the government failed to establish that Lawson had incurred any tax liability for the year in question and thus failed to prove he had deceived his employer into underwithholding his taxes. Section 7205 merely forbids the willful furnishing of false or fraudulent withholding information to an employer; the criterion is not whether the employer and the government were, or could have been, deceived. *United States v. Hudler*, 605 F.2d 488, 490 (10th Cir. 1979), *cert. denied*, 445 U.S. 961, 100 S.Ct. 1647, 64 L.Ed.2d 236 (1980). The jury reasonably could infer from the evidence that Lawson was not entitled to ninety-nine exemptions, the number he stated on his withholding certificate to attain zero withholding. Therefore, the trial court properly denied Lawson's motions for acquittal.

### III

### *Sufficiency of the Evidence*

Based on the same arguments he made that the court should have granted his motions for acquittal, Lawson seeks to overturn the jury's verdict because it is against the weight of the evidence and contrary to law. We have reviewed the transcript and exhibits and find substantial support for the jury's verdict.

Anyone who is required to file an income tax return is prohibited from willfully failing to file. I.R.C. § 7203. The evidence established that an individual who had a gross income exceeding $2,950 in 1978 and $3,300 in 1979 must file returns. Lawson's employer paid him wages of $29,219.36 in 1978 and $33,414.25 in 1979. The IRS center in Ogden, Utah, where Lawson should have sent his returns, received from Lawson for those years only the protest 1040 forms. The protest 1040 forms contained no information from which the IRS could determine Lawson's tax liability. The government adequately supported the willfulness element by showing that Lawson had filed returns with income information

in 1974 and 1975; he filed protest 1040 forms for 1978, 1979, and 1980, although the IRS informed him by two registered letters that his substantially identical forms for 1976 and 1977 lacked sufficient information to permit the IRS to assess tax liability.

I.R.C. § 7205 prohibits any employee required to supply tax withholding information to his or her employer from willfully supplying false or fraudulent information. The jury found that in January 1979 Lawson willfully gave his employer a certificate claiming ninety-nine exemptions. The government adequately supported the element of willfulness by introducing Lawson's 1976 certificate showing two exemptions, the insurance enrollment card Lawson submitted to his employer in 1976 listing only one dependent child, and Lawson's 1977, 1978, and February 1979 certificates claiming total exemption from withholding. In 1977 Lawson's employer had informed him in writing that he was responsible for filing an accurate withholding certificate. In 1979 the employer informed Lawson that the IRS had determined his January 1979 certificate was inaccurate and had ordered withholding to continue on the basis of two exemptions. In spite of this, Lawson subsequently filed a 1980 certificate claiming total exemption from withholding.

### IV

### *Admission of Evidence; Jury Instructions*

Lawson challenges the court's admission of certain of the government's exhibits and refusal to admit one of his exhibits. He also claims many of the jury instructions were wrong.

Admission of evidence falls within the trial court's discretion and will not be disturbed on appeal unless clearly erroneous. *Keen v. Detroit Diesel Allison*, 569 F.2d 547, 549 (10th Cir. 1978). We have reviewed the government's exhibits that Lawson challenges as well as the portions of the transcript where the trial judge ruled upon their admission; we find no error.

■ The trial court did not err in excluding Lawson's exhibit of a tape of a tax protestor meeting on which he relied in deciding to file his protest 1040 forms. Since evil motive or bad faith is not required for a finding that the taxpayer willfully failed to file a return, the trial court may exclude defendant's evidence of good purpose or good faith. *See United States v. Dillon*, 566 F.2d 702, 704 (10th Cir. 1977), *cert. denied*, 435 U.S. 971, 98 S.Ct. 1613, 56 L.Ed.2d 63 (1978).

We have carefully examined the instructions to the jury that Lawson challenges. In light of the analysis of the law set forth above in this opinion, we find no error in any of those instructions.

V

*Resentencing and Probation Conditions*

Lawson states that the court erred in resentencing him and in setting special conditions of probation. The trial court originally sentenced Lawson to four months imprisonment for failing to file a 1978 return, assessed Lawson the costs of prosecution but suspended imposition of sentence for failing to file a 1979 return, and imposed a fine of $2,000 for the false withholding certificate. In addition, the judge placed Lawson on three years probation. Sometime after sentencing the trial court apparently realized that a fine for filing a false withholding certificate could not exceed $500.[1] Before Lawson had paid the fine or begun to serve his sentence the trial court modified the sentence by eliminating the fine on the false certificate count but imposing a $2,000 fine for failing to file a 1979 return.

■ Lawson asserts that because the original sentence for failure to file a 1979 return was proper, the judge could not modify it upward. The assertion is without merit. At least so long as a defendant has not yet begun to serve the sentence, the sentencing judge may recall the defendant and increase the sentence. *United States v.*

*DiFrancesco*, 449 U.S. 117, 134, 101 S.Ct. 426, 436, 66 L.Ed.2d 328 (1980).

The court also imposed a special condition of probation: "Defendant shall disassociate himself with any organization that has [as] its purpose defeating the Internal Revenue Service laws, including an organization known as the Wyoming Patriots and shall not encourage other individuals to disobey the laws of the United States." According to Lawson, the sentencing judge's special condition of probation infringes upon his First Amendment freedom of association. *See In re Mannino*, 14 Cal.App.3d 953, 92 Cal.Rptr. 880 (Ct.App.1971).

■ A sentencing judge has broad discretion to impose conditions of probation that are reasonably related to protecting the public and rehabilitating the defendant. *Porth v. Templar*, 453 F.2d 330, 333 (10th Cir. 1971). In *Porth* we approved a condition prohibiting probationer from inducing others through speeches or other means to violate the law and indicated that the sentencing court may "restrict the probationer's association with groups that would palpably encourage him to repeat his criminal conduct." *Id.* at 334. In a tax protest case similar to the one before us, the Fifth Circuit disapproved a condition that the tax violator "divorce [himself] from any organization advocating the willful disobedience of any local, state or federal law" but modified the order and approved a condition prohibiting the defendant from associating with any organization advocating disobedience of the Internal Revenue Service laws. *See United States v. Smith*, 618 F.2d 280, 282 (5th Cir.), *cert denied*, 449 U.S. 868, 101 S.Ct. 203, 66 L.Ed.2d 87 (1980).

■ In *Porth* we held a condition imposed upon a tax violator that "prohibits the expression of opinion as to invalidity or unconstitutionality" of the tax laws was too broad. 453 F.2d at 334. We think prohibiting Lawson from associating with organizations may stand only if the organization

---

1. I.R.C. § 7205 was later amended to permit a fine of up to $1,000 commencing with tax years beginning after December 31, 1981.

advocates violation of the tax laws. Many of these tax protestor groups not only urge change in the tax laws but disobedience through encouraging failure to file tax returns, filing of essentially blank returns, and claiming unlawful exemptions from withholding. *See United States v. Amon*, 669 F.2d 1351 (10th Cir. 1981) (Logan, J., concurring). We construe the court's reference to an organization having as its purpose "defeating" the Internal Revenue laws to mean only organizations advocating disobedience, and so construed, the condition is valid.

With respect to the prohibition against associating with the "Wyoming Patriots," the record indicates that organization held meetings and presented speakers encouraging the filing of the protest 1040 forms. The presentence report also indicates that Lawson received from that organization much of the advice he relied upon in filing the protest 1040 forms and his false withholding certificate. Therefore, while probation conditions that restrict constitutional rights merit "special scrutiny," *see United States v. Consuelo-Gonzalez*, 521 F.2d 259, 265 (9th Cir. 1975) (*en banc*), we cannot find the sentencing judge acted improperly in prohibiting association with the "Wyoming Patriots."

We remand this case to the district court to permit Lawson to inspect the jury selection records to which he is entitled pursuant to 28 U.S.C. § 1867(f), and to hold an evidentiary hearing upon any contentions that arise out of that examination. In all other respects we affirm the judgment of the trial court.