947 F.2d 954
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Graigory David OLSON, Defendant-Appellant.
 No. 90-2248.
 United States Court of Appeals, Tenth Circuit.
 Oct. 15, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 Neither of the parties to this appeal have requested oral argument and, after examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal arises out of Defendant's conviction for violations of 18 U.S.C. § 1001 and 18 U.S.C. § 287. Defendant was tried by the district court without a jury for making false statements and for making false, fictitious or fraudulent claims in connection with filing his income tax return for the year 1989. On appeal, Defendant raises several issues: (1) whether Defendant knowingly and intelligently waived his right to a jury trial; (2) whether Defendant was improperly precluded from testifying about prior problems with the IRS; (3) whether the district court judgment was supported by substantial evidence; (4) whether the district court acted outside its discretion in imposing as a condition of supervised release that Defendant is prohibited from involvement in any tax protest activity or movement; and (5) whether jurisdictional and standing issues raised by Defendant against the advice of counsel constitute grounds for reversal. We remand the case to the district court on the issue of the supervised release condition, and we affirm the district court's judgment on all other issues.
 
 
 3
 1. Waiver of Right to Jury Trial.
 
 
 4
 Defendant argues that he did not knowingly and intelligently waive his right to be tried by a jury. We review the district court's acceptance of Defendant's jury waiver as knowing and intelligent for an abuse of discretion. Mason v. United States, 250 F.2d 704, 705-706 (10th Cir.1957).
 
 
 5
 Defendant filed a document with the district court on May 25, 1990, entitled "NOTICE and OBJECTION." R.Vol. I Doc. 9. That document states Defendant's intent to waive his right to a jury trial and to have the matter tried by the court: "Graigory David Olson OBJECTS to having a trial by Jury, and Graigory David Olson did not authorize anyone to move in his behalf for trial by jury. If there is a trial it will be by Judge ONLY! Trial by Court!" Id. After receiving that document, the district court held a hearing on June 21, 1990, during which it informed Defendant of his right to a jury trial and of the implications of waiving that right. R.Vol. III at 3-4. The district court specifically asked Defendant if he understood, and Defendant responded that he did understand. Id. Defendant appeared pro se at that hearing, but the district court informed Defendant that stand-by counsel was present and available to assist Defendant, should he need information or assistance. Id. at 2. Defendant did not solicit any advice, information or assistance from stand-by counsel during that proceeding.
 
 
 6
 Federal R.Crim.P. 23(a) provides that Defendant may waive a jury trial in writing with approval of the court and consent of the government. Such a waiver must be express and intelligent. United States v. Patton, 281 U.S. 276, 312 (1930). This court has held that a Defendant who specifically moves the court for trial by the court has knowingly and intelligently waived his right to trial by jury. United States v. Hubbard, 603 F.2d 137, 142 (10th Cir.1979).[1] In light of Defendant's unequivocal and specific written request to be tried by the court and not by a jury, and considering the district court's colloquy with Defendant regarding the consequences of such a waiver, we hold that the district court did not abuse its discretion in accepting Defendant's jury waiver as knowing and intelligent.[2]
 
 
 7
 2. Testimony About Prior IRS Matters.
 
 
 8
 Defendant argues that the district court erred by disallowing testimony by Defendant regarding prior dealings with the IRS. We review the district court's ruling on admission of evidence for an abuse of discretion. United States v. Alexander, 849 F.2d 1293, 1301 (10th Cir.1988).
 
 
 9
 After reviewing the transcript, it is apparent that the district court was attempting to prohibit only testimony relating to the validity or invalidity of a prior garnishment proceeding, which was not an abuse of discretion. Defendant was, in fact, allowed to develop his defense that he did not intend to deceive but that he was only attempting to nullify claims against him by the IRS. R.Vol. III at 71-72, 77-78, 84, 89, 90. Specifically, Defendant was allowed to testify that he did not intend to get money from the Government which did not belong to him and that he did not intend to commit fraud. Id. at 78, 89. Further, Defendant testified on several occasions regarding his prior dealings and problems with the IRS. Id. at 68, 69, 81-82, 84. The district court did not abuse its discretion when it disallowed testimony regarding the details and validity of a garnishment proceeding against Defendant.
 
 
 10
 3. Sufficiency of the Evidence.
 
 
 11
 Defendant argues that the evidence presented at trial was insufficient to support a guilty verdict by the court. "In reviewing the sufficiency of the evidence, we 'view the proof presented in the light most favorable to the government to ascertain if there is sufficient substantial proof, direct and circumstantial, together with reasonable inferences to be drawn therefrom, from which a jury might find a defendant guilty beyond a reasonable doubt.' " United States v. Zimmerman, No. 90-1255, 1991 WL 163873 at * 4 (10th Cir. Aug. 28, 1991) (quoting United States v. Sullivan, 919 F.2d 1403, 1431 (10th Cir.1990). The same standard of review applies to both jury trials and bench trials. Hubbard, 603 F.2d at 142.
 
 
 12
 Defendant unequivocally testified several times during the trial that he submitted several copies of IRS form 1099 which indicated that he had paid certain IRS employees substantial amounts of money but that, in fact, he had not paid any money to IRS employees. R.Vol. III at 87-88, 89. Defendant attempted to convince the court that he believed that completing the copies of form 1099 with false information was the proper procedure to reclaim money which he contended was owed to him by the IRS. The district court was not persuaded by this argument, and we hold that there was sufficient evidence before the district court from which it could find Defendant guilty of the offenses charged.
 
 
 13
 4. Condition of Supervised Release.
 
 
 14
 In sentencing Defendant pursuant to the Sentencing Reform Act of 1984, the district court imposed a period of supervised release containing a condition that "Defendant shall not become involved in any tax protest type activity or movement." R.Vol. I Doc. 17. Defendant maintains that such a condition restricts his constitutional rights and, consequently, is invalid. He requests that this court remand to the district court for clarification to ensure protection of his constitutional rights.
 
 
 15
 The current statute providing for conditions of supervised release is 18 U.S.C. § 3583. Subsection (d) of that statute authorizes the court to impose discretionary conditions, provided that such conditions involve "no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a)(2)(B), (a)(2)(C), (a)(2)(D)."[3]
 
 
 16
 In addressing what discretionary supervised release conditions may be imposed by the trial court, § 3583(d) refers to § 3563, which addresses conditions of probation. In addition to authorizing the discretionary conditions referred to in the probation section, § 3583 provides that the court may impose "any other condition it considers to be appropriate." 18 U.S.C. § 3583(d). Consequently, the court is afforded broad discretion in imposing conditions on both probation and supervised release.
 
 
 17
 Caselaw also tells us that the sentencing court is afforded broad discretion when imposing probation conditions. The trial court's judgment concerning what conditions are appropriate under the circumstances of the particular case should not be disturbed unless the court abused its discretion. United States v. Jalilian, 896 F.2d 447, 448 (10th Cir.1990); United States v. Hussong, 778 F.2d 567, 569-570 (10th Cir.1985). Even though the trial court is afforded broad discretion in determining what conditions are appropriate for a period of probation or supervised release, 18 U.S.C. § 3583(d)(2) provides that conditions of supervised release should involve no greater deprivation of liberty than is necessary to promote the purposes of public protection, criminal conduct deterrence, and defendant education. Consistent with that limitation, caselaw indicates that probation conditions should be reasonably related to protecting the public and rehabilitating the defendant. United States v. Jordan, 890 F.2d 247, 255 (10th Cir.1989); United States v. Lawson, 670 F.2d 923, 929 (10th Cir.1982); Porth v. Templar, 453 F.2d 330, 333 (10th Cir.1971). Further, even though a defendant on probation "forfeits much of his freedom of action and even freedom of expression to the extent necessary to successful rehabilitation and protection of the public programs," Id. at 334, when a probation condition restricts a constitutional right, the condition should be reviewed with "special scrutiny." Lawson, 670 F.2d at 930.
 
 
 18
 Both Lawson and Porth involved review of probation conditions imposed upon a convicted "tax protestor," and both are helpful in evaluating whether the condition imposed in this case is unnecessarily broad and, therefore, infringes unnecessarily upon Defendant's constitutional rights. Porth involved a situation where the district court imposed the following condition:
 
 
 19
 That he abstain from circulating or distributing by mail or other means any tracts, materials or other information questioning the constitutionality of the Federal Reserve System and the Federal Income Tax laws, and that he likewise abstain from speaking or writing activities calling into question the constitutionality of the Federal Reserve System and the Federal Income Tax laws.
 
 
 20
 Porth, 453 F.2d at 332 n. 1. On appeal, the court found that the sentencing judge was attempting to prevent the defendant from carrying out a campaign questioning the validity of the tax laws which would have the ultimate effect of encouraging others to violate the tax laws. The court recognized the validity of conditions which prohibit the following: violation of any public law, activity which induces others to violate the law, a continuation of campaigns designed to or having the effect of encouraging others to violate the law, and association with groups that would encourage repeated criminal conduct. Id. at 334. The court, however, invalidated a condition which prohibits the expression of opinion as to the constitutionality or validity of the laws in question. Id. Accordingly, the court found that the condition before it was vague and uncertain as to its breadth and remanded the case to the district court "so as to give the court an opportunity to reframe the conditions and to set them forth in more specific terms, at the same time eliminating a condition which would prohibit the naked expression of opinion as to constitutionality of the measures in question." Id.
 
 
 21
 The probation condition imposed by the court in Lawson was that "Defendant shall disassociate himself with any organization that has [as] its purpose defeating the Internal Revenue Service laws, including an organization known as the Wyoming Patriots and shall not encourage other individuals to disobey the laws of the United States." Lawson, 670 F.2d at 929. The Lawson court reviewed that condition under the Porth analysis and found that the condition would be valid only if it were read to prohibit association with organizations that advocate violation of the tax laws. Id. at 930. The Lawson court went on to uphold the condition, stating: "We construe the court's reference to an organization having as its purpose 'defeating' the Internal Revenue laws to mean only organizations advocating disobedience, and so construed, the condition is valid." Id.
 
 
 22
 In light of the foregoing authority, the condition challenged in this case appears vague and unnecessarily broad. The Government argues in its brief that it is "readily apparent that the trial court used the expression 'tax protest type activity or movement' to bar only illegal tax protestor activities and behavior," and that "since the condition at issue here only prohibits illegal tax protest activity, it too is valid." Plaintiff's brief at 32. It may be true that the district court meant to deter Defendant's involvement in illegal tax protest activity, but those are not the words it chose. The practical effect of the condition imposed by the court was to prohibit any and all involvement in any tax protest activity or movement, whether legal or not. A literal reading of the condition would prohibit Defendant even from expressing his opinion as to the validity or constitutionality of the tax laws in a setting where there was no chance of the expression encouraging others to violate the law, a prohibition which Porth and Lawson hold to be invalid.
 
 
 23
 We are confident that the district court, when it ordered as a condition of Defendant's supervised release that he not become involved in any tax protest type activity or movement, intended only to prohibit Defendant from involvement in illegal tax protest activities, tax protest activities which encouraged others to violate the law, or association with groups that encourage repeated criminal conduct. We are also confident that the district court did not intend to stifle Defendant's naked expression of his opinion as to the validity of the tax laws, outside of a situation where such expression is designed to or has the effect of encouraging others to violate the law. Literal reading of the condition in question, however, does not convey those ideas and limitations. We therefore remand this case to the district court so that it might review this particular condition and reframe it in such a way that the district court's purposes for imposing such a condition are accomplished without infringing unnecessarily on Defendant's rights, consistent with this opinion and prior Tenth Circuit authority.
 
 
 24
 5. Remaining Claims.
 
 
 25
 Defendant raises other claims in part VII of his brief against the advice of counsel. We have reviewed each of Defendant's remaining claims, and we find them to be without merit.
 
 
 26
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED in part and REVERSED and REMANDED in part.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The district court in this case chose to hold an on-the-record colloquy informing Defendant of the differences between a jury trial and a bench trial and of the consequences of waiving a jury trial. Consequently, we do not reach the question of whether a district court is required, after receiving a written jury waiver from a defendant, to conduct a colloquy on the record to inform a defendant of the consequences of waiver and to determine a defendant's knowledge and intelligence as to those consequences in person
 
 
 [2]
 Defendant argues that the district court abused its discretion in accepting the waiver as knowing and intelligent because Defendant attempted to ask questions during the colloquy which the court refused to entertain. R.Vol. III at 3. Defendant claims that, because his questions were not answered, his waiver was not voluntary. We are not persuaded by that argument for two reasons. First, when the district court finished its summary of the consequences of waiver, Defendant responded that he understood. Id. at 4. Second, stand-by counsel was present and available to Defendant had he wanted to ask questions or indicate his ignorance of the matters being discussed. Defendant never availed himself of stand-by counsel's knowledge or advice during the proceeding. Id
 
 
 [3]
 Those subsections outline the sentencing goals of criminal conduct deterrence, public protection, and defendant education and/or medical care, respectively