The **UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**NU–TRIUMPH, INC., a Calif. corp.,**
**Defendant-Appellant.**

No. 74-1028.

United States Court of Appeals,
Ninth Circuit.

July 5, 1974.
Rehearing Denied Aug. 29, 1974.

Burton Marks (argued), Beverly Hills, Cal., for defendant-appellant.

Mark O. Heaney, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS and ELY, Circuit Judges, and EAST,* Senior District Judge.

## OPINION

EAST, Senior District Judge:

Maurice J. Pastor, acting as president of the appellant (Corporation) and on its behalf, appeared personally and with chosen counsel, and, with the record approval and joinder of counsel, entered the Corporation's plea of guilty to a single charge of mailing certain obscene material in violation of 18 U.S.C. § 1461. The Corporation was sentenced to pay a fine of $5,000, with the suspension of the payment of the remainder of $3,000 and probation for a period of three years, upon the condition, *inter alia,* that the Corporation "not engage in the distribution of pornographic material." Whereupon, additional counts in the indictment relating to the subject of obscene material against Pastor individually and the Corporation were dismissed on motion of the government.

Thereafter, the Corporation was charged with violation of the condition and ordered to show cause why the probation should not be revoked. The district court denied various intervening Rule 35, Federal Rules of Criminal Procedure, motions and following an evidentiary hearing, found the Corporation in violation of the condition of probation and ordered the payment of $1,500 upon the suspended fine of $3,000 and continued the probation on modified terms which are not involved in this appeal.

The Corporation appeals from the orders denying the Rule 35 motions and the judgment of sentence to pay the additional sum of $1,500 upon the original fine. We affirm.

The Corporation asserts four specifications of error. While not specifically spelled out in any of the four specifications, there is running throughout the Corporation's attack upon the condition the veiled claim of ambiguity and vagueness in the phrase "pornographic matter." Such a claim falls flat in the face of counsel's stipulation at the revocation hearing, reading: "That the Corporation distributed material which was pornographic and, by definition, therefore, dealt with sexual matters." Furthermore, Pastor was not a figurehead president, but rather he was the fountainhead and big wheel in the distribution business and affairs of the Corporation. Counsel appearing for the Corporation and Pastor, individually, jointly indicted, at the time of the entry of the Corporation's guilty plea advised the court with reference to Pastor as follows: "[m]y client and I have thoroughly explored this. He understands the nature of his guilty plea and also the maximum sentence. He also understands that in an obscenity case involving materials with some sexual overtones—" and further, "[h]e recognizes, your Honor, that in connection with a jury trial that there is a possibility, perhaps even a likelihood, that a jury could find him guilty." It is of importance to note that this advice to the court was given following a lengthy discussion on the financial status and ability of the Corporation to pay a substantial fine. Pastor, with his familiarity with and knowledge of what type of material is and is not proscribed as obscene by § 1461, bargained for and traded the Corporation's plea of guilty for the dismissal of three counts against himself and two against the Corporation.

The challenged condition of probation is not a general proscription of conduct on the part of the general public, but on the contrary, a proscription of specific future conduct on the part of the Corporation as guided by Pastor, and related to past knowledgeable conduct.

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

The Corporation's claim of vagueness and uncertainty in the phraseology of the condition and that its guiding hand did not have reasonable means to know that the distribution of materials with some sexual overtones was proscribed by the condition is specious.

■ We are satisfied that three of the specifications are utterly without merit; however, specification "2. Does the condition of probation, which Appellant has allegedly violated constitute an impermissible prior restraint upon presumptively protected activities under the First Amendment?" warrants concern.

The condition did not proscribe the distribution of obscene matter, which phrase in and of itself does lack specificity, Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), but to the contrary, only a specific class of related matter in the printed media, namely: "[dealing] in sexual matters." Trafficking in judicially or legislatively specified obscene printed material is a crime under both federal and state laws and such is not protected as a freedom under the First Amendment. Pornographic printed matter, on the other hand, is not necessarily or per se unlawful matter. Depending upon the appropriate test, a given piece of pornographic matter or picture may or may not be proscribed obscene matter. Accordingly, the condition of the probation does tend to impinge upon the Corporation's freedom under the First Amendment. Suffice to say, all conditions of probation by the very nature of the concept of probation do impinge upon a person's constitutional freedoms, albeit, to a lesser degree than under a prison sentence. The Corporation's immunity from a prison sentence is a distinction without meaning in law or rational consequence.

We hold that the condition of probation imposing some restriction on the Corporation's First Amendment liberties does not impermissibly impinge the Corporation's freedom under the First Amendment. Morrissey v. Brewer, 408 U.S. 471, 478, 92 S.Ct. 2593, 2598, 33 L. Ed.2d 484 (1972), and United States v. Kohlberg, 472 F.2d 1189 (CA9 1973).

■ The granting of a sentence of probation in lieu of custody or fine in the first instance as well as the terms and conditions of the probation granted rests within the sound discretion of the sentencing district court, Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932), and *Kohlberg, supra*; and such judicial discretion in probation matters is limited only by the requirement that the terms and conditions thereof bear "a reasonable relationship to the treatment of the accused and the protection of the public." Porth v. Templar, 453 F.2d 330, 333 (CA10 1971).

It must be manifest to all that the intent of the district court in granting any probationary term at all was to rehabilitate the Corporation's activities and to protect the public from future commissions of crime by the Corporation in the field of unlawful obscene printed media. It would be difficult to imagine a more reasonable relationship between the condition and (a) the treatment of the Corporation in allowing it to return to the street and distribute printed media, except for dirty pictures, likened to a restraint of association with former confederates in crime or other groups likely to lead to crime on the part of the Corporation; and (b) protection of the public from future crime on the part of the Corporation.

We hold the district court did not abuse its discretion in fixing and imposing the condition upon the Corporation's probation. *Kohlberg, supra,* 472 F.2d at 1190, and Whaley v. United States, 324 F.2d 356 (CA9 1963).

Affirmed.