**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Richard A. TONRY,**
**Defendant-Appellant.**

No. 79–1078.

United States Court of Appeals,
Fifth Circuit.

Oct. 9, 1979.

John R. Martzell, New Orleans, La., for defendant-appellant.

John Volz, U. S. Atty., Richard T. Simmons, Jr., Asst. U. S. Atty., New Orleans, La., for the U. S.

Before GOLDBERG, FAY and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

We here consider whether, when the sentence of a person who is convicted of a federal crime includes a probationary period, probation may be made subject to a condition that limits the right of the probationer to participate in political activity. Richard A. Tonry contests the constitutional and statutory legitimacy of such a condition of his probation, imposed after he pleaded guilty to four misdemeanor violations of the Federal Election Campaign Act. He contends that the district court abused the discretion allowed by the Federal Pro-

bation Act,[1] and violated the first and tenth amendments to the Constitution by forbidding him from running for any state or local political office[2] or engaging in political activity during the term of his probation. We find that the condition offends neither the statute nor the constitution.

## I. Facts and Issues

Tonry was elected to the House of Representatives from the First Congressional District of the State of Louisiana in the November, 1976 general election.[3] Following the election, a grand jury investigating alleged violations of the new Federal Election Campaign Act returned an eleven count indictment against him. After plea bargaining, he entered a plea of guilty to each of the counts in a four-count bill of information superseding the grand jury indictment; these pleas resulted in his conviction of:

(1) Conspiracy to violate the Federal Election Campaign Act, a violation of 18 U.S.C. § 371;

(2) Accepting a political contribution in excess of $1000, a violation of the Federal Election Campaign Act, 2 U.S.C. §§ 431–441(j) [441j];

(3) and (4) Promising benefits for political contributions, a violation of 18 U.S.C. §§ 2, 600 (2 counts).

The district court imposed consecutive sentences of six months on two counts; and imposed sentences of six months on the other two counts, but suspended execution, placing Tonry on inactive probation for three years on each count, running concurrently, under the following conditions:

(a) "Defendant shall obey all local, state and federal laws."

(b) "Defendant is ordered to pay a fine of . . . $5,000 . . . ."

(c) "Defendant shall not run for political office nor engage in political activity during the period of probation."

Shortly before he was released from prison,[4] Tonry sought clarification of the terms of the probation from his probation officer, who, in response, advised him:

"During the period of your probation, you are not to run for political office, or engage in political activities on behalf of others, such as campaign meetings, campaign fund raising affairs, or any activities that are related to campaigning for political office."

Not satisfied with that reply, Tonry filed a motion with the district court seeking either clarification of the condition of probation, or in the alternative, correction of the sentence under Rule 35, Fed.R.Cr.P.[5] contending that it was illegal to condition probation on not seeking state or local office or not engaging in state or local political activity. The district court granted the motion for clarification, but did not alter the probation officer's interpretation of the sentence: "[I]t was intended. that defendant not run for political office nor engage in any political activity, be it federal, state, local, municipal or parochial, during the period of probation." This appeal followed.

Tonry contends that the probation condition was an abuse of discretion under the act because it is not reasonably related to

---

1. The Federal Probation Act, 18 U.S.C. § 3651, provides in part:

    Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

2. Tonry has not questioned the district court's power to forbid him from running for federal office or engaging in federal political activity.

3. He subsequently resigned and his bid for re-election was rejected by the voters in the Democratic primary.

4. Tonry did not serve the entire prison term because the district court granted a motion for reduction in sentence and reduced the period of incarceration by four months.

5. Rule 35, Fed.R.Cr.P., provides in part: "The court may correct an illegal sentence at any time . . . ."

his rehabilitation and to protection of the public; that it violates the tenth amendment because the restriction on Tonry's political rights is an impermissible intrusion into the state's regulation of its own elections; and that it infringes his rights to run for political office and to engage in political activity, which are protected by the first amendment.

## II. Federal Probation Act[6]

■ The statutory basis for probation, 18 U.S.C. § 3651, lists some of the permissible conditions of probation,[7] but it does not purport to create an exclusive catalogue. *See United States v. Bishop*, 4 Cir. 1976, 537 F.2d 1184, 1186. Other conditions may be imposed if they are reasonably related to the rehabilitation of the probationer and protection of the public. *See, e. g., United States v. Consuelo-Gonzalez*, 9 Cir. 1975, 521 F.2d 259, 263; *Porth v. Templar*, 10 Cir. 1971, 453 F.2d 330, 333.

Tonry was convicted not only of accepting an illegal campaign contribution but also of promising benefits in return for contributions. He does not challenge the validity of the restriction against his participation in the federal electoral process during probation. This tacit concession that a limited political quarantine is valid, even though not expressly sanctioned by the probation act, puts the issue in proper focus as merely one of degree; there are then only two major considerations, whether there is a sufficient nexus between state and federal political activity to warrant extending the interdiction to the state electoral process, and whether the compulsory abstention is reasonably related to protecting the people who were harmed by Tonry's offenses.

The ban was evidently intended to prevent Tonry from impairing the integrity of the electoral and political process as a whole during the period of time that the district court felt was appropriate, either for the purpose of rehabilitation, so far as that might be possible, or for the purposes of public protection and punishment. The condition was thus not unlike such frequently imposed requirements as obedience to local and state (as well as federal) laws,[8] association only with law-abiding persons,[9] maintaining gainful employment,[10] and refraining from particular types of employment.[11]

6. For the purposes of this section of the opinion, we assume, *arguendo*, that the probation condition does not violate either the first or tenth amendments. The constitutional contentions will be examined, *infra*.

7. 18 U.S.C. § 3651 provides in part:
While on probation and among the conditions thereof, the defendant—
May be required to pay a fine in one or several sums; and
May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had; and
May be required to provide for the support of any persons, for whose support he is legally responsible.

8. *See, e. g. United States v. Clayton*, 9 Cir. 1979, 588 F.2d 1288, 1289–90; *United States v. Reed*, 8 Cir. 1978, 573 F.2d 1020, 1021 n. 1; *United States v. Dane*, 9 Cir. 1977, 570 F.2d 840, 842 n. 1; *United States v. Carter*, 9 Cir. 1950, 270 F.2d 521, 522 n. 2; *Mankowski v. United States*, 5 Cir. 1945, 148 F.2d 143, 144.

9. *See, e. g., United States v. Reed*, 8 Cir. 1978, 573 F.2d 1020, 1021 n. 1; *United States v. Dane*, 9 Cir. 1977, 570 F.2d 840, 842 n. 1;

*United States v. Albanese*, 2 Cir. 1977, 554 F.2d 543, 545; *United States v. Adderly*, 5 Cir. 1976, 529 F.2d 1182, 1183; *United States v. Bryant*, 5 Cir. 1970, 431 F.2d 425, 426; *Mitchem v. United States*, 5 Cir. 1951, 193 F.2d 55, 56.

10. *United States v. Reed*, 8 Cir. 1978, 573 F.2d 1020, 1021 n. 1; *United States v. Dane*, 9 Cir. 1977, 570 F.2d 840, 842 n. 1; *United States v. Bishop*, 4 Cir. 1976, 537 F.2d 1184, 1185; *United States v. Brick*, 8 Cir. 1974, 502 F.2d 219, 225 n. 20; *United States v. Carter*, 9 Cir. 1959, 270 F.2d 521, 522 n. 2.

11. *United States v. Villarin Gerena*, 1 Cir. 1977, 553 F.2d 723; *United States v. Nu-Triumph, Inc.*, 9 Cir. 1974, 500 F.2d 594; *Whaley v. United States*, 9 Cir. 1963, 324 F.2d 356, cert. denied, 376 U.S. 911, 84 S.Ct. 665, 11 L.Ed.2d 609; *Barnhill v. United States*, 5 Cir. 1960, 279 F.2d 105, cert. denied, 364 U.S. 824, 81 S.Ct. 60, 5 L.Ed.2d 53. *See generally*, Annot., 35 A.L.R. Fed. 631 (1977). *Cf. United States v. Bishop*, 4 Cir. 1976, 537 F.2d 1184 (probation conditioned upon defendant not frequenting racetracks or placing bets of any kind upheld even though defendant was previously employed as handicapper of horses and would be unable to pur-

■ We need not subscribe to the notions that probation is an "act-of-grace" on the part of a trial judge, or a contract between the state and the defendant, to recognize that the sentencing judge's discretion is broad. *See* Note, Judicial Review of Probation Conditions, 67 Colum.L.Rev. 181 (1967). *See also* J. Best & P. Birzon, Conditions of Probation: An Analysis, 51 Geo.L.J. 809 (1963). Although probation is not a favor of the court bestowed upon defendant as a relief from imprisonment that may be conditioned in any manner the trial judge sees fit, neither does a probationer have a right to be free from conditions that severely restrain his freedom of action. The judge may, in fact is obliged to, view probation as a substitute for imprisonment and formulate conditions calculated to ensure that the probation furthers the purposes of the criminal law. To serve those objectives, probation conditions must be "tailored to meet the special problems of particular offenders." Note, Judicial Review of Probation Conditions, 67 Colum.L.Rev. 181, 187 (1967).

■ A condition of probation satisfies the statute so long as it is reasonably related to rehabilitation of the probationer, protection of the public against other offenses during its term, deterrence of future misconduct by the probationer or general deterrence of others, condign punishment, or some combination of these objectives. Probation is a part of the composite sanction imposed for law violation, and the validity of probation conditions is to be viewed in that light, not weighed in isolation. In determining to impose some imprisonment or none, some fine or none, some probation or none, and some conditions the violation of which will warrant termination of probation, the sentencing judge is given wide discretion to compound a prescription for the individual case before him.

■ We cannot say that the formula reached by the district judge here was inap-propriate, hence that it was beyond the statutory warrant. The conditions imposed on Tonry reflect a careful consideration by the trial judge of appropriate alternative sanctions to imprisonment. Tonry's actions in violating the federal election laws evinced a disregard for society's chosen methods of securing fair and democratic elections. The propriety of the retributive response of barring Tonry, for a limited period of time, from participation in activities relating to the electoral process is manifest. The probation condition likewise serves a deterrent purpose: Tonry is removed from situations that might appeal to his demonstrated propensity to overstep the bounds of legality to obtain political advantage. Both Tonry and the public are given the security of knowing that such temptations will not result in further illegal activities until a reasonable period of responsible citizenship has provided an opportunity for his rehabilitation. A condition that promises to provide such benefits falls squarely within the discretion granted the trial judge by the Federal Probation Act.

The sentence imposed on Tonry for his four convictions reflects a careful compound by the district judge: a moderate period of confinement, followed by a reasonable period of probation. It is impossible to say that, were the condition here under attack deleted, the remainder of the sentence would still reflect the judge's design. In view of the decision we have reached, we need not consider whether, were we to hold the condition invalid, it would be necessary for us to remand so that the trial judge could reconsider the entire sentence and whether he could then impose a different one with perhaps a longer term of confinement in order to approximate the original purpose.

### III. Tenth Amendment [12]

■ The tenth amendment to the Constitution provides:

sue that occupation under the terms of his probation).

12. We will assume, without deciding, that Tonry's stake in the outcome of this case gives him standing to assert the contentions made under the tenth amendment. *See generally* Comment, *Assuming Jurisdiction Arguendo: The Rationale and Limits of Hypothetical Jurisdiction,* 127 U.Pa.L.Rev. 712 (1979).

The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.

One of the powers reserved to the states is the regulation of state elections. *Oregon v. Mitchell,* 1970, 400 U.S. 112, 124–25, 91 S.Ct. 260, 265, 27 L.Ed.2d 272, 281 (Black, J., announcing the judgment of the Court). *See also Sugarman v. Dougall,* 1973, 413 U.S. 634, 93 S.Ct. 2842, 37 L.Ed.2d 853. Tonry contends that the tenth amendment prohibits the district court from imposing a condition of probation that intrudes on the state's prerogative to supervise its own elections.[13]

■ The premise that federal courts may not, save to safeguard federal rights, intervene in the state electoral process is unexceptionable. The conclusion that Tonry's probation constitutes such meddling is fallacious. When the conditions of probation touch upon a state prerogative, appellate courts have examined those conditions closely; they have not always validated the conditions. In the light of the cases that have considered whether conditions of probation interfere with a state prerogative in a constitutionally proscribed manner, we conclude that the restriction on Tonry does not. The condition neither mandates any action by the state, nor affects in any way the state's power to determine the qualifications of persons to hold state office and the manner of conducting state elections. It forbids only the participation of a single person in certain aspects of that process for a limited period of time.

First we look to the impact of the ban on the individual to determine whether his temporary interdiction from a state-regulated activity was either an unreasonable sanction as to him or an encroachment on the scheme of state regulation. In *United States v. Pastore,* 2 Cir. 1976, 537 F.2d 675, the Second Circuit invalidated a sentence for filing a false income tax return that demanded the defendant's resignation from the bar as a condition of probation. The court had a number of reasons for invalidating the sentence: not only was the right to practice law regulated by the state, with well defined procedures for expulsion from the bar after due process, but also resignation was a severe sanction that deprived the defendant of his livelihood for a period of time well beyond the term of the probation and, indeed, beyond the maximum period for which a sentence of imprisonment might be imposed. The court expressly distinguished cases refusing to set aside sentences that required defendants to give up their profession or business for the period of probation. *Id.* at 680, 683. The condition was revoked not merely because it touched on an area regulated by the state but also because its impact on the defendant was unreasonably harsh and might endure for the remainder of the probationer's life, not merely the maximum period of three years imprisonment permitted by the statute.

Other circuit courts have upheld probation conditions that have touched upon state functions. In *United States v. Villarin Gerena,* 1 Cir. 1977, 553 F.2d 723, the court approved a sentence conditioned on the resignation of the defendant from the Puerto Rico police force during the term of probation. In *United States v. Bishop, supra,* 537 F.2d at 1186, the court found "no merit" to the contention that the district court lacked power to forbid a probationer from frequenting race tracks (which are regulated by the states) and placing bets as conditions of probation.

Only the Ninth Circuit has invalidated a sentence on the sole ground that it was too great an infringement on an integral state function. In *United States v. Best,* 9 Cir. 1978, 573 F.2d 1095, the defendant was convicted of driving on a federal enclave in California while intoxicated, a violation of federal law under the Assimilative Crimes Act, 18 U.S.C. § 13. The magistrate sentenced Best to a short term in jail and a fine, but he further suspended Best's driver's license for six months pursuant to a

---

**13.** We assume Tonry's premise that under Louisiana law his misdemeanor convictions do not prohibit him from running for state or local office is correct.

provision of the California Vehicle Code. Since that portion of the sentence could not be enforced without state action, the court concluded that the order of suspension effectively required a state agency to suspend a privilege it had granted. Relying on *National League of Cities v. Usery,* 1976, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245, and its application to federal court orders in *Davids v. Akers,* 9 Cir. 1977, 549 F.2d 120, 127, the court found the license suspension unduly intrusive on the state's regulation of its highways and unnecessary to protection of the federal interest. The court noted that its conclusion was also compelled "by the congressional policy with respect to federal enclaves 'to interfere as little as might be with the authority of the states.'" *United States v. Best, supra,* 573 F.2d at 1102, quoting *United States v. Press Publishing Co.,* 1911, 219 U.S. 1, 9, 31 S.Ct. 212, 214, 55 L.Ed. 65.

■ The results of these cases can be harmonized under a single test: A condition of probation that does not extend beyond the term of probation, depends solely on the probationer's conduct and does not rely upon state enforcement or action does not offend the tenth amendment even though it may forbid or restrict the probationer's ability to engage in an activity regulated by the state. The condition imposed on Tonry passes this muster.

*National League of Cities, supra,* does not compel a different result. That case held that congress could not extend the minimum wage and maximum hour provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* to the states and their political subdivisions because "Congress may not exercise [its] . . . power so as to force directly upon the States its choices as to how essential decisions regarding the conduct of integral governmental functions are to be made." *Id.* 426 U.S. at 855, 96 S.Ct. at 2476, 49 L.Ed.2d at 259. Whether or not Tonry complies with the condition of his probation, the power of the state to choose its qualifications for office and to supervise its own elections is not impaired in any way. The court has not required the state to make any choices as to how essential decisions with respect to its state election laws are to be made. Tonry as an individual simply may not, without risking revocation of his probation, exercise rights to which he would otherwise be entitled under the laws of Louisiana. There has been no directive to the state, as in *Best*; nor is the state required to expend funds to help enforce the condition.

## IV. First Amendment

■ Tonry contends that the probation condition is an unconstitutional infringement on rights protected by the first amendment. There is no question that candidacy for office and participating in political activities are forms of expression protected by the first amendment. *Morial v. Judiciary Commission,* 5 Cir. en banc 1977, 565 F.2d 295, 301, *cert. denied,* 1978, 435 U.S. 1013, 98 S.Ct. 1887, 56 L.Ed.2d 395. *See also Buckley v. Valeo,* 1976, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659; *Powell v. McCormack,* 1969, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491.

■ A probation condition is not necessarily invalid simply because it affects a probationer's ability to exercise constitutionally protected rights. The Ninth Circuit has developed a test to determine whether a probation condition is unduly intrusive on constitutionally protected freedoms:

> The conditions must be "reasonably related" to the purposes of the Act. Consideration of three factors is required to determine whether a reasonable relationship exists: (1) the purposes sought to be served by probation; (2) the extent to which constitutional rights enjoyed by law-abiding citizens should be accorded to probationers; and (3) the legitimate needs of law enforcement.

*United States v. Pierce,* 9 Cir. 1977, 561 F.2d 735, 739, *cert. denied,* 1978, 435 U.S. 923, 98 S.Ct. 1486, 55 L.Ed.2d 516. We consider this an appropriate standard and apply it here.

As discussed in section I, *supra,* the no-political-activity condition is tailored to ad-

vance both the purposes of the federal election statute and the purposes of the probation act: rehabilitation and protection of the public. Tonry will be deprived of some of his constitutional rights while under probation, but this deprivation is appropriate to the nature of his crimes. It assures that the defendant, while free to return to community life and earn his livelihood, will not be tempted to engage in illicit electoral activity during his probation, thus serving the purpose of protection. The restriction is not harsh and the district court does not appear to have been unreasonable in determining that the very limited activity forbidden to Tonry is one that should not be accorded him during probation even though it is granted to law-abiding citizens. The general purposes of enforcement of the particular criminal law that Tonry violated are served. Finally we note the district court's conclusion: "To limit the probationary condition to federal political activity only and allow Mr. Tonry to engage in state political activity, would emasculate and render nugatory the essential purposes . . . of the Court's original sentence."

In similar fashion, we have previously upheld conditions of probation that affect the probationer's first amendment rights. *E. g., United States v. Adderly,* 5 Cir. 1976, 529 F.2d 1182 (revocation of probation upheld because of violation of condition that probationer associate only with law-abiding persons); *United States v. Smith,* 5 Cir. 1969, 414 F.2d 630, 636, rev'd on other grounds *sub nom. Schacht v. United States,* 1970, 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 (probation with condition that probationer not associate with Students for a Democratic Society and members of the Humanists group upheld). Other courts have reached the same result. *E. g., United States v. Albanese,* 2 Cir. 1977, 554 F.2d 543, 545–47 (condition that probationer associate only with law-abiding citizens upheld); *Malone v. United States,* 9 Cir. 1974, 502 F.2d 554, 556, *cert. denied,* 1975, 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (probation including prohibition from participating in the American Irish Republican movement upheld). *See also Porth v.*

*Templar, supra,* 453 F.2d at 334 (condition prohibiting probationer from actively urging violation of tax laws would be valid). *Cf. United States v. Gordon,* 9 Cir. 1976, 540 F.2d 452 (upholding warrantless searches by probation officer and narcotics agents since probation was conditioned upon submission to such searches and the presence of the probation officer ensured that the search was related to both protection of the public and rehabilitation of the offender).

■ If confined, Tonry could have offered himself as a candidate for state office. The condition of his probation made it impossible for him, without risking incarceration, to do as a member of the public what he could have done as a prisoner. This seeming anomaly is illusory: a prisoner may not be required to support his family or to do any of the similar things that are frequently made probation conditions. Tonry was not required to refrain from running for office; he might have accepted a lawful term of confinement and from his cell engaged in any political activity that was practicable. Under the standard we have adopted, the mere fact that an offender may obey a condition and thus avert its consequences does not make all conditions lawful; however, neither does the fact that observance of a probation condition means that the offender must refrain from something he could do in prison demonstrate its illegality.

■ Tonry has also attempted to impeach the condition by employing the traditional first amendment attacks on it as overbroad and vague. We perceive no such problems here. The probation condition is not overbroad because it is tailored to the needs of Tonry's rehabilitation and does not regulate conduct that is exempt from curtailment under the probation act. The restriction is not vague in the sense that it lacks clarity; for the duration of his probation, Tonry may not participate in the electoral process save as a voter. To the degree that any confusion arises in the future, Tonry has only to consult the probation service before he engages in any activity

that might fall within the prohibited area. Finally, we note that the condition does not restrict Tonry's first amendment rights totally; it is focused only on politically related activity.

For these reasons, the order of the district court is AFFIRMED.