**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roy BROCKWAY, Defendant-Appellant.**

No. 85–1034
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 13, 1985.

John H. Hagler, Dallas, Tex., for defendant-appellant.

James A. Rolfe, U.S. Atty., Fort Worth, Tex., David Kevin Flynn, Atty., Crim. Section, Civil Rights Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before CLARK, Chief Judge, BROWN and GEE, Circuit Judges.

GEE, Circuit Judge:

Appellant Brockway, the elected Sheriff of Kaufman County, Texas, complains to us of a condition of his probation: that during its term he not serve as a law enforcement officer. Convicted by a judge and jury of brutalizing a pre-trial detainee to obtain a confession, he was sentenced to a year's confinement.[1] The court suspended that sentence, however, placing Brockway on five years probation with a special condition that during his probation he "not serve as a law enforcement officer or work in any capacity as a law enforcement officer." At the sentencing hearing, the court noted several incidents, reaching back in time for over a decade, in which Brockway abused his position as a peace officer by striking civilians.[2] Before us, Brockway advances two points only: that the quoted condition of his probation intrudes unduly on the state's tenth amendment right to regulate its elections and that it is beyond the trial court's powers under the Federal Probation Act, 18 U.S.C. § 3651 et seq., because the condition is not reasonably related to his rehabilitation and the protection of the public. Rejecting both, we affirm.

Our task is rendered lighter by two decisions written by judges of our Court. The first, by Judge Ingraham, affirms a like condition imposed on an officer of the Puerto Rican police who had arrested and beaten an officious busybody who interfered in a trivial private transaction of his, threatening witnesses with reprisals if they intervened in or reported the incident. *United States v. Villarin Gerena*, 553 F.2d 723 (1st Cir.1977). Although the decision is not binding upon us, having been written by our Brother while serving as a visiting judge for another Circuit, it is patently sound and we adopt it as our own, with a minor reservation to be noted. Judge Ingraham observed:

> beat the pretrial detainee, had his clothes changed to dispose of telltale blood, denied him medical treatment until the next day, and misrepresented the incident in a statement to the FBI.

---

1. 18 U.S.C. § 242. As to another, similar count, the jury hung at eleven to one for conviction.

2. At trial, Brockway admitted that he struck both persons whose rights he was charged with abusing. Other evidence was that he severely

In this case appellant's position enabled him to batter Zambrana with impunity and to intimidate onlookers. There is a possibility that the appellant might lose his temper on a future occasion. We think the district court's condition bore a "reasonable relationship to the treatment of the accused and the protection of the public."

553 F.2d 723 at 727.

We agree. Barring from law enforcement work one who has demonstrated such a recurring tendency to abuse the office as has Brockway is clearly reasonably related to protection of the public. As Judge Rubin observed, writing for our court in *United States v. Tonry*, 605 F.2d 144, 148 (5th Cir.1979):

> A condition of probation satisfies the statute so long as it is reasonably related to rehabilitation of the probationer, protection of the public against other offenses during its term, deterrence of future misconduct by the probationer or general deterrence by others, condign punishment, or some combination of these objectives.

We note that the phrasing of the quoted passage is disjunctive, so that any one or more of the stated objectives will suffice to support a condition of probation. That imposed on Brockway satisfies the statute.

■ *Tonry* bears as well on Brockway's tenth amendment claim. There we upheld against just such a claim a condition of probation that during its term a congressman convicted of violating the Federal Election Campaign Act not engage in political activity. We need not replicate here Judge Rubin's careful reasoning in that opinion, which meets all of Brockway's arguments. Brockway attempts to distinguish *Tonry* on the ground that while Tonry had resigned, he has not, so that state action to replace him will be necessary if he complies with the condition. Supposing that Brockway possesses standing to assert the state's tenth amendment complaint, a doubtful assumption in our view, we are not persuaded.

■ As a practical matter, the state will likely be required to replace Brockway whether he complies with the condition or not: he can scarcely serve as Sheriff while confined in the federal penitentiary. That the court had power so to confine him there is patent; that greater power includes the lesser—to leave him at large but divorced from law enforcement. Nor are we greatly taken, as a policy matter, with the notion that by refusing to resign Brockway can draw the shield of the state's tenth amendment rights over himself and so render the court powerless to stop his abuse of office. Finally, the condition affects the state only incidentally and requires it to do nothing. As we said in *Tonry:*

> The results of these cases can be harmonized under a single test: A condition of probation that does not extend beyond the term of probation, depends solely on the probationer's conduct and does not rely upon state enforcement or action does not offend the tenth amendment even though it may forbid or restrict the probationer's ability to engage in an activity regulated by the state. The condition imposed on Tonry passes this muster.

605 F.2d 144 at 150. So does the condition imposed on Brockway. It is

AFFIRMED.