Kemper Baker CRABB, Jr., Michael Patrick Larkin, Kevin Jude Larkin, Jon Marsh, Randy Allan Rogers, Thomas A. Zakes, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 01–87–00379–CR to 01–87–00384 CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 26, 1988.

Rehearing Denied June 30, 1988.

Richard W. Schmude, Tomball, for appellants.

John B. Holmes, Dist. Atty., Harris County, Kathy Giannaula, Asst. Dist. Atty., for appellee.

Before JACK SMITH, SAM BASS and COHEN, JJ.

## OPINION

COHEN, Justice.

This case requires us to decide whether trespass at an abortion clinic was legally justified in order to protect life and health; to defend third persons; or due to necessity. We must also decide whether appellants' rights to free speech were violated when the trial court ordered them not to picket or demonstrate at the clinic while on probation. Finding that the trespass was not justified under the penal code, and that the condition of probation is not unconstitutional, we affirm the judgment.

In a joint jury trial, appellants were found guilty of criminal trespass of a building housing an abortion clinic. The jury assessed appellant Michael Patrick Larkin 90 days in jail and a $200 fine, and the remaining five appellants 180 days in jail and a $900 fine each. The jail sentences were probated, and, as a condition of probation, each appellant was required to refrain from "picketing or demonstrating at [the] West Loop Clinic at 5607 Schumacher."

On September 20, 1986, Karen Jones and Michele Wilson, employees at an abortion clinic located at 2909 West Loop South, in Harris County, observed a group of about 19 people in the clinic's lobby. The group chanted, beat the walls, and shouted at staff members that, "abortion is murder." The employees discovered that the front doors of the clinic had been chained shut. The door from the lobby to the back of the clinic was blocked by people and chairs that had been chained together. Employee Caroline Walker and several patients in the lobby were forced to come through the reception window from the lobby into the clinic.

A sign on the front door of the clinic stated that only persons with clinic business were allowed on the premises. The appellants and 12 others remained in the clinic's lobby without conducting any business for the next four hours.

Police officers saw 150 to 200 people gathered in the front of the clinic. The first officer on the scene saw that the front

door had been chained shut and that the side entrance was blocked by a van. Squeezing through the side entrance, the officer spoke through the reception window and told the people in the lobby to leave. None left. In the presence of police officers, Evicel Ortega, the clinic's administrator and the complaining witness herein, told the people in the lobby to leave. They did not leave, whereupon the appellants were arrested.

█ In points of error four through 11, the appellants contend that the trial court deprived them of due process of law when it granted the State's motion in limine and excluded testimony from each appellant, medical testimony from Dr. Steven Hotze, and testimony from Ortega.

The court excluded Dr. Hotze's expert testimony concerning abortions and related procedures. This, appellants claim, undercut their ability to raise their defenses of necessity, defense of third person, and defense of protection of life or health. Dr. Hotze's excluded testimony concerned when human life commences, the biologic development of the unborn child, certain abortion techniques, and the effect of those techniques on the life of the unborn child. The excluded testimony of the complainant, Ortega, dealt with abortion procedures, abortion counseling, abortion complications, and the clinic's business practices.

In *Hoffart v. State*, 686 S.W.2d 259, 262–63 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd), the court held that evidence concerning when life begins, development characteristics of the unborn child, and the effects of an abortion upon an unborn child were irrelevant to the crime of criminal trespass, apparently committed in *Hoffart* at the same clinic as here. Thus, Hotze's and Ortega's testimony was not erroneously excluded.

█ The excluded testimony of appellants Zakes, Larkin, Rogers, Marsh, and Crabb dealt with the reasons for their acts, i.e., to help pregnant women and to save their unborn children. This, they assert, was necessary to support their three statutory defenses.

We hold that excluding the testimony was not error because no fact issue was raised concerning the aforementioned defenses. *Roy v. State*, 552 S.W.2d 827, 830–31 (Tex.Crim.App.1977), *rev'd on other grounds, Johnson v. State*, 650 S.W.2d 414, 417 (Tex.Crim.App.1983).

Penal Code § 9.22 provides that criminal conduct is justified by necessity if: (1) the actor reasonably believes that the conduct is immediately necessary to avoid imminent harm; (2) the harm sought to be avoided is clearly greater than the harm sought to be prevented by the statute violated; and (3) a legislative purpose to exclude the justification claimed for the conduct does not plainly appear. Tex.Penal Code Ann. § 9.22 (Vernon 1974).

The harm sought to be avoided, abortions, was not clearly greater than the harm caused by the trespass, which was the loss of the constitutional right to privacy. *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). We decline to hold that these crimes were justified by the necessity of preventing others from exercising their constitutional rights. Because all requirements of the defense of necessity were not raised, there was no error.

█ Appellants also contend that the evidence was admissible to support their claim of defense of third person. Texas Penal Code, § 9.33 (Vernon 1974) provides:

A person is justified in using force or deadly force against another to protect a third person if:

(1) under the circumstances as the actor reasonably believes them to be, the actor would be justified under Section 9.31 or 9.32 of this code in using force or deadly force to protect himself against the unlawful force or unlawful deadly force he reasonably believes to be threatening the third person he seeks to protect; and

(2) the actor reasonably believes that his intervention is immediately necessary to protect the third person.

There was no evidence that unlawful force was being used against the women in the clinic. Moreover, fetuses are not "persons" under Texas law. *See Ogas v. State*, 655 S.W.2d 322, 325 (Tex.App.—Amarillo

1983, no pet.). The term "person" is defined in Texas Penal Code § 1.07(a)(27) as "an individual, corporation, or association." "Individual" is defined in § 1.07(a)(17) as a "human being who has been born and is alive." *Compare Witty v. American General Ins. Co.*, 727 S.W.2d 503 (Tex.1987) (denying monetary recovery for death of a fetus). Therefore, no evidence supported the appellants' claim to defense of a third person.

■ Appellants finally contend that their evidence was admissible to support a defense of protection of health or life, under Tex.Penal Code § 9.34(b) (Vernon 1974), which provides:

(b) A person is justified in using both force and deadly force against another when and to the degree he reasonably believes the force or deadly force is immediately necessary to preserve the other's life in an emergency.

There was no evidence that force was immediately necessary to preserve any person's life in an emergency. Therefore, the evidence did not establish the elements of the defense of protection of health or life, and the trial court did not err in excluding it.

There being no abuse of discretion, points four through 11 are overruled.

■ Appellants contend that the trial court violated their rights to free expression under the United States and Texas Constitutions when, as a condition of probation, it ordered them not to picket or demonstrate at the clinic.

The trial court has considerable latitude in establishing the terms and conditions of probation. Tex.Code Crim.P.Ann. art. 42.-12, § 6(a) (Vernon Supp.1988). However, appellants argue that they have a constitutional right to demonstrate and picket so long as they do so peacefully and lawfully.

In *United States v. Tonry*, 605 F.2d 144 (5th Cir.1979), the court upheld a probation condition that prohibited a misdemeanor violator of the Federal Election Campaign Act from engaging in *any* political activity. As a condition of probation, Tonry was required not to "engage in any political activity, be it federal, state, local, municipal or parochial, during the period of probation." The court noted that it had previously upheld conditions of probation restricting a probationer's first amendment rights, including prohibitions against association with Students for a Democratic Society, members of humanist groups, and the Irish Republican Army. 605 F.2d at 151. The court wrote:

[T]he no-political-activity condition is tailored to advance both the purposes of the federal election statute and the purposes of the probation act: rehabilitation and protection of the public. Tonry will be deprived of some of his constitutional rights while under probation, but this deprivation is appropriate to the nature of his crimes. It assures that the defendant ... will not be tempted to engage in illicit electoral activity during his probation, thus serving the purpose of protection. The restriction is not harsh and the district court does not appear to have been unreasonable in determining that the *very limited activity* forbidden to Tonry is one that should not be accorded him during probation even though it is granted to law-abiding citizens. The general purposes of enforcement of the particular criminal law that Tonry violated are served.

605 F.2d 150–51 (emphasis supplied).

Buttressing its conclusion that the restriction involved was "very limited," the court concluded:

Finally, we note that the condition does not restrict Tonry's first amendment rights totally; it is focused only on politically related activity.

*Id.* at 152.

Given the greater imposition on constitutional rights that was upheld in *Tonry*, we find no error. The limited restriction here was clearly intended to protect the victim and to increase the likelihood that appellants will avoid revocation of their probated terms of imprisonment.

Point of error 28 is overruled.

The discussion of the remaining points of error does not meet the criteria for publica-

tion, Tex.R.App.P. 90, and is thus ordered not published.

The judgment is affirmed.