IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-50546

_____


JAVIER CRUZ,

                    Petitioner-Appellant,

v.


GARY L JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-97-CA-764)
_____

September 15, 1998

Before KING, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Javier Cruz, a Texas death row inmate, seeks a certificate of
appealability to review the district court's denial of his petition
for a writ of habeas corpus and a stay of his execution scheduled
for October 1, 1998.  For the reasons that follow, we deny Cruz's
application to appeal and his motion to stay his execution.

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. Facts and Procedural History

In 1992, a jury in Bexar County, Texas convicted Javier Cruz of killing James Ryan and Louis Neal in different criminal transactions pursuant to the same scheme and course of conduct and of killing Ryan during the course of a robbery. See TEX. PENAL CODE ANN. § 19.03(a)(2), (7)(B) (West 1994).[1] After the jury found at the punishment phase that Cruz killed Ryan deliberately and with the expectation that death would result and that there was a probability that Cruz would commit acts of violence constituting a continuing threat to society, the court sentenced Cruz to death.

Cruz contended on appeal that, inter alia, his conviction for the Neal murder was based solely on the uncorroborated testimony of an accomplice witness, Antonio Ovalle. Under Texas law, he claimed, such evidence was insufficient to support a capital-murder conviction. The Texas Court of Criminal Appeals affirmed Cruz's conviction and sentence. The court rejected Cruz's accomplice-testimony argument on the ground that the Neal murder was merely the aggravating element that elevated Ryan's murder to a capital offense, obviating the need under state law for corroborative evidence. The Supreme Court denied Cruz's petition for a writ of certiorari. Cruz v. Texas, 516 U.S. 839

---

[1] Cruz was convicted in 1992 under § 19.03(a)(6)(B), the historical predecessor to § 19.03(a)(7)(B). The 1993 amendment to the Texas Penal Code did not change the statutory language. See TEX. PENAL CODE ANN. § 19.03 historical and statutory notes. All references in this opinion are to the current version of the Texas Penal Code.

2

(1995).

Cruz then sought and was denied habeas corpus relief in state court on several grounds, including the accomplice-testimony issue. The Court of Criminal Appeals affirmed, determining that the state habeas court's findings of fact and conclusions of law were correct.

Cruz petitioned on October 2, 1997 for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Cruz raised three issues-- first, that Texas law barred his conviction for the Neal murder because it was based solely on uncorroborated accomplice testimony; second, that a capital sentence based on the Neal murder violated the Eighth Amendment; and third, that prosecutorial discretion in listing the Ryan murder first in the indictment when in fact it occurred after the Neal murder illegally allowed the State to avoid the Texas accomplice-testimony rule. The respondent moved for summary judgment and for denial of Cruz's habeas petition. The district court denied Cruz habeas relief; denied Cruz a certificate of appealability (COA); and vacated its original stay of Cruz's execution.

## II. Discussion

Javier Cruz requests that this court grant him a COA from the district court's denial of his § 2254 habeas petition. Because Cruz filed his § 2254 petition in October 1997 the COA requirement of the Antiterrorism and Effective Death Penalty Act (AEDPA) applies to his case. See Green v. Johnson, 116 F.3d 1115, 1119-20 (5th Cir. 1997). A COA may only be issued if the

prisoner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A 'substantial showing' requires the applicant to 'demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'"  Drinkard v. Johnson, 97 F.3d 751, 755 (5th Cir. 1996) (citing Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)(internal citations and quotation marks omitted)).

Cruz raises two main issues for certification.  First, he claims that his capital-murder conviction, based on uncorroborated accomplice testimony and the prosecutor's arbitrary classification of the Neal murder as the aggravating element to the Ryan murder, violated the Due Process Clause.[2] Second, Cruz claims that under the reasoning of United States v. Singleton, 144 F.3d 1343 (10th Cir.), reh'g granted en banc and vacated, 144 F.3d 1343 (10th Cir. 1998), the trial court improperly considered Ovalle's accomplice testimony, which was the product of an agreement in which Ovalle testified in return for the State's promise not to seek the death penalty against him.  We discuss these issues in turn.

### A.  Uncorroborated Accomplice Testimony

Cruz argues that his capital-murder conviction violated Texas Criminal Procedure Code article 38.14, which prohibits

---

[2] Because we find that Cruz is not entitled to a COA even if Ovalle's testimony is uncorroborated, we assume *arguendo* that Cruz's characterization of the record is accurate.

4

convictions based solely on uncorroborated accomplice testimony.[3] Specifically, Cruz argues that Ovalle's accomplice testimony regarding the Neal murder and prosecutorial discretion labeling the Neal murder the aggravating element of the Ryan murder violated this Texas rule of criminal procedure. Because we agree with the district court that these arguments do not raise a substantial showing of the denial of a constitutional right, we decline to issue a COA.

Rather than raise federal constitutional claims, as required by § 2254, Cruz bases his COA application on perceived violations of Texas state criminal procedure. To the extent that Cruz simply complains of a state criminal procedure violation only, his application must fail. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990)("[F]ederal habeas corpus relief does not lie for errors of state law."); Pulley v. Harris, 465 U.S. 37, 41 (1984)("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."). This court

---

[3] Article 38.14 specifically dictates that "[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX. CRIM. P. CODE ANN. art. 38.14 (West 1979).

5

does not sit as a super-state appellate court in reviewing violations of state criminal procedure. See Bridge v. Lynaugh, 838 F.2d 770, 772 (5th Cir. 1988); Dillard v. Blackburn, 780 F.2d 509, 513 (5th Cir. 1986). Furthermore, as the district court properly found, Cruz's allegations of Texas criminal procedure violations are unfounded.[4]

Assuming *arguendo* that Cruz was convicted of capital murder solely on the basis of uncorroborated accomplice testimony in violation of Texas criminal procedure, such a conviction raises no debatable issues under the Due Process Clause. "The state-law requirement that accomplice witness testimony be corroborated has

---

[4] See Cruz v. Johnson, No. 97-CA-764-HG at 14-17 (W.D. Tex. June 1, 1998). Cruz was actually convicted of the Ryan murder, and the Neal murder was simply an aggravating element that elevated the crime to capital murder under § 19.03(a)(7)(B) of the Texas Penal Code. As Cruz does not contest the sufficiency of the evidence concerning the Ryan murder, the murder conviction satisfies the accomplice-testimony rule. Accomplice testimony is sufficient to prove aggravating elements of capital murder. See, e.g., White v. State, 910 S.W.2d 630, 635 (Tex. App.--Beaumont 1995, no writ) (stating that "the capital murder statute does not require corroboration of any of the aggravating elements"); Romero v. State, 716 S.W.2d 519, 520 (Tex. Crim. App. 1986) ("[T]he testimony of an accomplice witness in the prosecution for capital murder did not require corroboration concerning the alleged robbery (the offense which elevated murder to capital murder) as well as the alleged murder.").

In addition, under Texas law the prosecutor has discretion in labeling which murder constitutes the aggravating element. A person convicted of capital murder for the killing of more than one person is guilty of murdering the first person named in the indictment, "whether or not that person was the person who was murdered first in time." Narvaiz v. State, 840 S.W.2d 415, 433 (Tex. Crim. App. 1992); see also Vuong v. Scott, 62 F.3d 673, 676 (5th Cir. 1995) (holding that prisoner was not entitled to instruction to consider mitigating circumstances relating to second-listed aggravating murder, where first-listed murder occurred after aggravating murder). Thus the prosecutor's decision to list the second-occurring Ryan murder first in the indictment did not violate Texas law.

no independent constitutional footing." Thompson v. Lynaugh, 821 F.2d 1054, 1062 (5th Cir. 1987); cf. Lisenba v. California, 314 U.S. 219, 227 (1941) ("The Fourteenth Amendment does not forbid a state court to construe and apply its laws with respect to the evidence of an accomplice."). A guilty verdict may be supported with only the uncorroborated testimony of an accomplice, as long as that testimony is not insubstantial on its face. See United States v. Jaras, 86 F.3d 383, 387 (5th Cir. 1996); United States v. Singer, 970 F.2d 1414, 1419 (5th Cir. 1992). Cruz does not claim that the accomplice testimony in this case is insubstantial; his only criticism is that it was provided as a result of a plea bargain with the state. However, uncorroborated accomplice testimony will support a verdict even if only provided as a result of a plea bargain. See United States v. Bermea, 30 F.3d 1539, 1552 (5th Cir. 1994) ("[A] guilty verdict may be sustained if supported by only the uncorroborated testimony of a coconspirator, even if the witness is interested due to a plea bargain of promise of leniency, unless the testimony is incredible or insubstantial on its face."); accord United States v. Payne, 99 F.3d 1273, 1278 (5th Cir. 1996).

Thus, Cruz's allegation that his conviction was based solely on uncorroborated accomplice testimony does not constitute a substantial showing of a due process violation. As another federal court has explained,

> Although due process is violated when a conviction is
> obtained through the use of unreliable evidence, due
> process does not mandate that a presumption of
> unreliability attach to the inculpating testimony of an

7

accomplice when the accused is given a meaningful opportunity for cross-examination.  As a general rule, the uncorroborated testimony of an accomplice is not *per se* unreliable and is sufficient to sustain a conviction unless patently incredible.

United States ex rel. Kubat v. Thieret, 679 F. Supp. 788, 795 (N.D. Ill. 1988), aff'd 867 F.2d 351 (7th Cir. 1989).  Such a procedure does not render the trial as whole "fundamentally unfair" so as to violate a defendant's due process rights.  See Lavernia v. Lynaugh, 845 F.2d 493, 496 (5th Cir. 1988). Therefore, because Cruz's application does not make a substantial showing of the denial of a constitutional right on this issue, we decline to issue a COA on this issue.

B.  Admissibility of Plea-Bargained Testimony

Cruz next contends that the State violated 18 U.S.C. § 201(c)(2) by agreeing not to seek the death penalty against Ovalle in exchange for his testimony, and that Ovalle's testimony must therefore be excluded.  Because we find that this contention does not raise a debatable issue of a constitutional violation, we decline to allow Cruz to appeal this issue.

Cruz did not raise this issue in the district court proceedings.  In general, we refuse to allow COAs on issues not raised before the district court in habeas corpus proceedings. See, e.g., United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998) ("We do not consider issues raised for the first time on the appeal of a section 2255 motion."); Carter v. Johnson, 131 F.3d 452, 464 (5th Cir. 1997) (stating that "[t]hese allegations were not adequately presented to the district court, however, and

8

they are deemed waived"), <u>cert. denied</u>, 118 S. Ct. 1567 (1998).

Even assuming *arguendo* that this issue has not been waived, Cruz is not entitled to a COA. Cruz bases his argument that plea-bargained testimony violates § 201(c)(2) wholly on <u>United States v. Singleton</u>, 144 F.3d 1343 (10th Cir.), <u>reh'g granted en banc and vacated</u>, 144 F.3d 1343 (10th Cir. 1998). While <u>Singleton</u> held that such testimony must be barred under the federal anti-bribery statute, the decision was promptly vacated by the Tenth Circuit and therefore has no precedental value, even in the Tenth Circuit. <u>See</u> <u>Quivira Mining Co. v. United States Nuclear Regulatory Comm'n</u>, 866 F.2d 1246, 1248 n.3 (10th Cir. 1989). Of course, even if <u>Singleton</u> had not been vacated, a Tenth Circuit ruling cannot bind this court. <u>See</u> <u>United States v. Brockway</u>, 769 F.2d 263, 264 (5th Cir. 1985).

Moreover, in the Fifth Circuit, an accomplice witness who has been promised a reduced sentence in return for his testimony may testify consistent with the Due Process Clause "so long as the government's bargain with him is fully ventilated so that the jury can evaluate his credibility." <u>United States v. Cervantes-Pacheco</u>, 826 F.2d 310, 315 (5th Cir. 1987) (en banc) (footnote omitted). In this case, the plea bargain required Ovalle to testify truthfully in return for consecutive life sentences for the Neal and Ryan murders. Defense counsel cross-examined Ovalle about the agreement, and the jury could therefore evaluate the credibility of his testimony. The use of such testimony therefore does not raise a debatable issue of a Due Process

9

Clause violation or show the substantial denial of any other constitutional right.  Accordingly, Cruz's motion for a COA on this issue is denied.

## III.  Conclusion

For the foregoing reasons, we deny Cruz's application for a COA and a stay of his execution.