IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10228
Summary Calendar

_____

PRINCE S. J. WEBBER,

                                        Petitioner-Appellant,

versus

DEPARTMENT OF JUSTICE - CIVIL RIGHTS
DIVISION; U. S. PAROLE COMMISSION;
NFN WARDEN; FEDERAL BUREAU OF PRISONS,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:01-CV-22-C
--------------------
November 8, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

        Prince S. J. Webber, federal prisoner # 04349-000,

("Webber"), appeals the district court's denial of his petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Webber's petition challenged his parole proceedings and the

denial of parole on due process and other constitutional grounds.

Webber contends that the district court erred in denying relief

and erred in denying a discovery request.  Webber moves for the

---
        * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appointment of counsel on appeal, but the interests of justice do not require appointment of counsel and therefore the motion is DENIED. See Schwander v. Blackburn, 750 F.2d 494, 502 (5th Cir. 1985).

The parole record establishes that the decision of the U.S. Parole Commission was supported by some evidence and that Webber received all process due in connection with the parole proceedings. See Simpson v. Ortiz, 995 F.2d 606, 608 (5th Cir. 1993); Kindred v. Spears, 894 F.2d 1477, 1479 (5th Cir. 1990). The parole conditions of which Webber complains are reasonably related to the purpose of parole. See United States v. Tonry, 605 F.2d 144, 150 (5th Cir. 1979). Accordingly, the district court did not err in denying relief under 28 U.S.C. § 2241. The district court did not abuse its discretion in denying Webber's discovery request. Moore v. Willis Indep. School Dist., 233 F.3d 871, 876 (5th Cir. 2000).

AFFIRMED; MOTION DENIED.