

# NUMBERS 13-23-00136-CR, 13-23-00137-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ADRIAN MEDRANO,                                                               Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

## ON APPEAL FROM THE 105TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

# CONCURRING MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Concurring Memorandum Opinion by Justice Benavides**

I believe the majority should address the merits of Medrano's constitutional challenge to the community supervision condition at issue. Because it does not, I respectfully concur.

In terms of error preservation, first, the majority suggests that Medrano was required to object to the trial court's general requirement that he "comply with all the rules

and regulations, treatment programs[,] and contracts of [SATF]" at the time the condition was imposed, or upon his entering the facility. But *Dansby v. State* is directly on point and conflicts with the majority's assertion. *See* 448 S.W.3d 441, 448–52 (Tex. Crim. App. 2014) ("Appellant . . . cannot be faulted for failing to assert an objection on Fifth Amendment grounds to the trial court's order requiring compliance with general sex offender conditions."). Next, the majority contends that Medrano "did not argue that rule 2.8 is unconstitutional as applied to him, facially invalid, or overbroad. Therefore, he has not preserved these arguments." However, Medrano specifically argued below, "Major Rule 2.8, is a violation—or violates Mr. Medrano's constitutional right to free speech." The trial court heard and denied this argument. I would hold that this is sufficient to preserve an as-applied constitutional challenge. *See* TEX. R. APP. P. 33.1; *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016) ("The standards of procedural default are not to be implemented by splitting hairs in the appellate courts." (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992))); *Clarke v. State*, 270 S.W.3d 573, 581 (Tex. Crim. App. 2008).

Further, the issue that this Court should address is whether the revocation of Medrano's community supervision for failing to follow SATF's rule passes constitutional muster, not whether SATF's rule is constitutional in a vacuum. Though appellant primarily frames the issue as one involving the constitutionality of the treatment facility's internal rules, the substance of his argument is clear: He believes that revocation based on this condition of his community supervision was not constitutional.[1] *See Few v. State*, 230

---

[1] In his brief, Medrano provides examples of hypothetical probationers who fail to comply with SATF's rules and states, "Under the [rule] as written, either, both, or neither could be penalized with the

2

S.W.3d 184, 190 (Tex. Crim. App. 2007).

This is an interesting and important question, and one that the court of criminal appeals has flagged as warranting judicial review. *See Leonard v. State*, 385 S.W.3d 570, 577 (Tex. Crim. App. 2012) ("It would surely offend due process if a defendant were discharged from his therapy program for a wholly inappropriate reason—such as illegal discrimination or mere caprice—and the bare fact of that discharge were used as a basis to revoke the defendant's community supervision."). Nonetheless, I would ultimately conclude that the condition was constitutional, both as-applied to Medrano and in terms of vagueness, and the trial court did not err by revoking Medrano's community supervision. *See Crab v. State*, 754 S.W.2d 742, 745 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd); *see also Archer v. State*, No. 13-18-00059-CR, 2019 WL 2221677, at *3 (Tex. App.—Corpus Christi–Edinburg May 23, 2019, no pet.) (mem. op., not designated for publication). Therefore, I write separately to concur in the judgment.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
28th day of March, 2024.

---

revocation of their probation and remand to the Texas Department of Criminal Justice, at the whim of the SATF staff."

3